Matthew R. Wilson (*to seek admission pro hac vice*)
Michael J. Boyle, Jr. (*to seek admission pro hac vice*)
Meyer Wilson Co., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
(614) 224-6000
(614) 224-6066 (Fax)
mwilson@meyerwilson.com
mboyle@meyerwilson.com

Michael L. Greenwald (*to seek admission pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
(561) 961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christine Head, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| Citigroup Inc., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## CLASS ACTION COMPLAINT

### Nature of this Action

1.     Christine Head ("Plaintiff") brings this class action against Citigroup Inc.

("Defendant" or "Citibank"), under the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227.

2.     Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*       \*       \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3.     Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by delivering artificial or prerecorded voice messages to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it calls wrong or reassigned telephone numbers that are not assigned to its customers.

**Jurisdiction and Venue**

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and as Defendant transacts business in this district.

**Parties**

6.     Plaintiff is a natural person who at all relevant times resided in Kingman, Arizona.

2

7.     Defendant Citigroup Inc. is publicly traded. Citibank, N.A.—a wholly owned subsidiary of Citigroup Inc.—is a National Bank, FDIC Certificate Number 7213, with its principal place of business in New York, New York.

8.     Citibank, N.A.'s principal offerings include: consumer finance, mortgage lending and retail banking (including commercial banking) products and services; investment banking, cash management and trade finance; and private banking products and services.

### The TCPA

9.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, prerecorded calls are prohibited because, as Congress found, such calls are a greater nuisance and invasion of privacy than live calls, and they can be costly and inconvenient.

11.    The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

12.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[2]

---

[1]    *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).

[2]    *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65 (¶ 10) (2008) ("2008 FCC Declaratory Ruling").

**Factual Allegations**

13.     Beginning in or around November 2017, Defendant placed a number of calls to Plaintiff's cellular telephone number—(928)-XXX-0023.

14.     Plaintiff was the only customary user of her (928)-XXX-0023 telephone number.

15.     In connection with each of the calls it placed to Plaintiff's cellular telephone number, Defendant delivered an artificial or prerecorded voice message referencing Plaintiff's supposed Home Depot account.

16.     Each of the prerecorded messages would ask Plaintiff to return Defendant's call.

17.     On information and belief, Defendant is the issuer of Home Depot branded credit cards.

18.     On information and belief, Defendant made the calls to Plaintiff in an attempt to reach a Home Depot credit card customer.

19.     Plaintiff does not have, and to her knowledge has never had, any relationship with Citibank.

20.     Plaintiff also does not have, and never had, a Home Depot account of any kind.

21.     At no point did Plaintiff provide her telephone number to Citibank or to Home Depot.

22.     After investigation of counsel, Plaintiff's cellular telephone number is believed to have been received by Citibank when another individual, one "Jack Bingham," opened a new Citibank account using Plaintiff's number on his application.

23.     Plaintiff does not know a Jack Bingham and she did not authorize any such person to open an account using her cellular telephone number.

24.     On information and belief, Defendant's records will show all calls it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an artificial or prerecorded voice.

25.     Each of Defendant's calls to Plaintiff's cellular telephone number was accompanied by an artificial or prerecorded voice message.

26.     No live person was ever on the line when Plaintiff answered Defendant's calls.

27.     At one point, Plaintiff returned one of Defendant's calls to inform Defendant that it was calling the wrong number.

28.     However, Plaintiff was placed on an extended hold and instructed to wait for the next available representative.

29.     Frustrated, and knowing that the Home Depot/Citibank account in question was not her account, Plaintiff hung up.

30.     On information and belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

31.     On information and belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

32.     On information and belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

33.     On information and belief, Defendant had knowledge that it was using an artificial or prerecorded voice to deliver messages to Plaintiff's cellular telephone number.

34.     On information and belief, Defendant intended to use an artificial or prerecorded voice to deliver messages to Plaintiff's cellular telephone number.

35.     Plaintiff is not, nor was, one of Defendant's customers.

36.     Plaintiff does not, nor did, have a business relationship with Defendant.

37.     Plaintiff did not give Defendant or Home Depot prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

38.     Plaintiff suffered actual harm as a result Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

39.     As well, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

40.     On information and belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice when placing calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

### Class Action Allegations

41.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States: (1) to whom Citibank, N.A. placed calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification, (5) absent prior express consent—in that the called party was not a Citibank, N.A. customer.

42.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or

assigns, and any entity in which Defendant has or had a controlling interest.

43.     The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

44.     The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

45.     The proposed class is defined by reference to objective criteria.

46.     In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

47.     Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

48.     Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

49.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

50.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

52.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

53.     There will be little difficulty in the management of this action as a class action.

54.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

55.     Among the issues of law and fact common to the class are:

   a.   Defendant's violations of the TCPA;

   b.   Defendant's use of an artificial or prerecorded voice in connection with placing calls to cellular telephone numbers;

   c.   Liability for calls to wrong or reassigned cellular telephone numbers;

   d.   Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

   e.   the availability of statutory damages.

56.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

57.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-56.

58.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number, without her consent.

59.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

60.     Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e)  Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

f)  Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g)  Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: August 15, 2018   Respectfully submitted,

          */s/ Michael L. Greenwald*
          Michael L. Greenwald*
          Greenwald Davidson Radbil PLLC

          */s/ Matthew R. Wilson*
          Matthew R. Wilson*
          Meyer Wilson Co., LPA

          *to seek admission pro hac vice*