Matthew R. Wilson (*admitted pro hac vice*)
Michael J. Boyle, Jr. (*admitted pro hac vice*)
Meyer Wilson Co., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
(614) 224-6000
(614) 224-6066 (Fax)
mwilson@meyerwilson.com
mboyle@meyerwilson.com

Michael L. Greenwald (*admitted pro hac vice*)
Aaron D. Radbil (*admitted pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
(561) 826-5477
mgreenwald@gdrlawfirm.com
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Citibank, N.A.,<br><br>Defendant. | No.: 3:18-cv-08189-DLR<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY** |

Christine Head ("Plaintiff"), on behalf of herself and others similarly situated, hereby submits her memorandum in opposition to the motion to stay filed by Defendant Citibank, N.A. ("Citibank"). (*See* Mot. to Stay, ECF 87.)

## INTRODUCTION

The question before the Court is whether to stay[1] the instant case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (July 9, 2020), which—contrary to Citibank's repeated assertions—cannot and will not fully dispose of this case, no matter what the Court decides.

As an initial matter, *Duguid* is a decision from this circuit. *See Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). There, the Ninth Circuit affirmed its holding in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1049-50 (9th Cir. 2018), that to qualify as an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act ("TCPA"), equipment must have "the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically." *See Duguid*, 926 F.3d at 1150. Thus, the definition of an ATDS is settled in this circuit, and Supreme Court review accordingly does not justify a stay.

In any event, Plaintiff alleges that Citibank is liable not just for making calls with an ATDS, but also for delivering prerecorded messages to cellular telephones. (*See* ECF 84 at 7.) Thus, Citibank's contention that *Duguid* will "potentially eliminate Plaintiff's individual and putative class claims" cannot be true. (Mot. to Stay at 2, ECF 87). As well, this Court will need to decide Plaintiff's pending motion for class certification (ECF 84.) no matter what the Supreme Court holds.

This litigation—already pending for two years, and with fact discovery complete—can proceed without impairing the interests of either party or the Court's interest in judicial economy. Moreover, Plaintiff proposed to Citibank a solution that would alleviate any

---

[1] This is the second stay sought by Citibank in this long-pending case. This Court denied Citibank's previous stay request. (ECF 40.)

1

remaining burden: an extension of the deadline to file dispositive motions until after the Supreme Court rules; Citibank declined. Further, Plaintiff will reevaluate her ATDS claim if the Supreme Court reverses Ninth Circuit precedent and adopts the position of the Seventh and Eleventh Circuits[2] (of course, that claim will be bolstered if the Supreme Court affirms the position of the Ninth Circuit, as well as the Second and Sixth Circuits). But rather than agree to this mutually beneficial solution, Citibank has attempted to mislead the Court and bring about needless delay with unnecessary motion practice.

Staying this case would be neither equitable nor efficient. Plaintiff respectfully requests that the Court deny Citibank's motion.

## BACKGROUND

### I. Plaintiff alleges that Citibank violated the TCPA in two respects.

Plaintiff alleges that Citibank is liable to her and those similarly situated for violating 47 U.S.C. § 227(b)(1)(A)(iii) in two respects. First, she alleges that Citibank delivered artificial or prerecorded voice messages by making calls to her cellular telephone without consent. (Second Am. Cpl. at ¶ 22, ECF 68.) Second, she alleges that Citibank placed the aforementioned calls by using an ATDS. (*Id.* at ¶ 32.) Those two claims each provide a "separate statutory basis for relief." *Reyes v. BCA Fin. Servs, Inc.*, 312 F. Supp. 3d 1308, 1325 (S.D. Fla. 2018); *Burns v. Halsted Fin. Services, LLC*, No. 1:15-cv-4287-LMM-JKL, 2016 WL 5417218, at *5 (N.D. Ga. Sept. 14, 2016).

### II. While the Supreme Court will resolve a circuit split over the definition of an ATDS, the Ninth Circuit has squarely addressed the question.

The Supreme Court granted certiorari to determine whether the definition of an ATDS, as defined in the TCPA, "encompasses any device that can 'store' and automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" Petition for Writ of Cert., *Facebook, Inc. v. Duguid*, No. 19-511, 2019 WL 5390116, at *2 (Oct. 17, 2019); *see also Duguid*, No. 19-511, 2020 WL

---

[2] The Third Circuit has not expressly addressed this question, but it assumed, without analysis, that an ATDS must use a random or sequential number generator. *See Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018).

3865252, at *1 (July 9, 2020) (granting certiorari limited to the second question). The Ninth Circuit (along with the Second and Sixth Circuits) answered that question in the affirmative, whereas the Seventh and Eleventh Circuits have answered in the negative. *See Allan v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-2043, 2020 WL 4345341, at *2–4 (6th Cir. July 29, 2020) (noting circuit split).

### III. Citibank has requested a stay pending the resolution of *Duguid*.

Citibank filed the instant motion to stay proceedings pending the Supreme Court's decision in *Duguid*. (Mot. to Stay at 1–2, ECF 87.) It argues the Supreme Court's interpretation of the term ATDS "could dispose of Plaintiff's and the putative class's TCPA claims in their entirety," despite the fact that Plaintiff has asserted an independent statutory basis for relief not under consideration by the Supreme Court. (*Id.* at 9.) Plaintiff opposes the stay and requests that the Court deny Citibank's motion.

## LEGAL STANDARD

District courts have the discretionary authority to grant a stay pending the resolution of an unrelated proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). "A stay pending the resolution of an appeal in another case is appropriate only in 'rare circumstances.'" *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396, 2018 WL 3023449, at *4 (N.D. Cal. June 18, 2018) (quoting *Landis*, 299 U.S. at 255). In evaluating a motion for a *Landis* stay, the court must balance the competing interests, including: (1) the harm to the non-moving party from staying proceedings; (2) any "hardship or inequity" to the movant from denying the stay; and (3) the likelihood that a stay will simplify issues and promote judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

There are three bright-line limitations on a district court's discretion to grant a *Landis* stay. First, a stay is inappropriate unless: (1) there is no "fair possibility" of harm to the non-moving party; or (2) the movant can demonstrate "hardship or inequity" that

would result from denying the motion. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (6th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). Second, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Id.* (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). Third, the court's interest in judicial economy, standing alone, is insufficient to justify a stay that would be prejudicial to litigants. *Id.* (citing *Lockyer*, 398 F.3d at 1112).

## ARGUMENT

The Court should deny Citibank's motion. First, the law on the definition of an ATDS is settled in this circuit, and the grant of a petition to the Supreme Court does not change that calculus. Second, staying proceedings would needlessly prejudice Plaintiff's interest in expeditiously resolving her claims and the claims of the class she has proposed to represent. Third, Citibank will not suffer *any* hardship or inequity if its motion is denied. Finally, granting a stay would neither simplify the issues nor promote judicial economy. Thus, a stay would be inappropriate.

### I. A grant of certiorari does not change settled Ninth Circuit law, and does not justify the stay Citibank requests.

"District courts are, of course, bound by the law of their own circuit, and are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be." *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) (internal quotation omitted). Thus, "[u]ntil the Supreme Court issues a decision that actually changes the law" this Court is "duty-bound to apply" the Ninth Circuit's "precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits." *Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) *cert. denied sub nom. Gissendaner v. Bryson*, 135 S. Ct. 1580 (2015); *accord Gacy v. Page*, 24 F.3d 887, 889 (7th Cir. 1994) ("[T]he possibility (no more than that) that the Supreme Court will say something pertinent to the subject does not justify delay of indefinite duration.").

4

Here, the Ninth Circuit has unambiguously answered the very question now before the Supreme Court in *Duguid*, as it specifically relates to the TCPA, *see Marks*, 904 F.3d at 1049-50, and a grant of certiorari by the Supreme Court neither changes this law, nor constitutes new law. *See Speer v. Whole Foods Market Grp., Inc.*, No. 8:14–cv–3035–T–26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (denying motion to stay TCPA matter) (citing *Schwab v. Secretary, Dep't of Corrs.*, 507 F.3d 1297, 1298–99 (11th Cir. 2007) ("because grants of certiorari do not themselves change the law, they must not be used by courts of this circuit as a basis for granting a stay of execution that would otherwise be denied")).

For this reason, "Courts of Appeals typically disfavor granting stays pending the Supreme Court's resolution of separate cases." *Childress v. DeSilva Automotive Servs., LLC*, No. CIV 20-0136 JB\JHR, 2020 WL 3572909, at *13 (D.N.M. July 1, 2020) (denying motion to stay TCPA matter pending Supreme Court decision); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue.").

## II.   **Plaintiff will suffer harm if this case is stayed.**

Plaintiff would be harmed if the Court stays proceedings because a delay would unnecessarily burden her interest in the expeditious resolution of her case. Further, the viability of Plaintiff's class certification motion is immaterial to the question of whether she would be prejudiced by a stay, and Citibank's entirely self-interested view about her prospects as to that motion matters even less. Consequently, the Court should deny Citibank's motion absent a showing of hardship or inequity.

### A.   **Staying proceedings would lengthen this already long-pending litigation for no reason.**

This case has been pending for two years, and fact discovery is complete. Granting a stay would further delay Plaintiff's access to justice, thereby causing her harm. This conclusion follows from three points: (1) plaintiffs have a cognizable interest in

5

expeditiously adjudicating their claims; (2) that interest is particularly strong if the plaintiff has alternative theories of liability; and (3) the mere fact that a plaintiff seeks purely monetary damages does not render the burden of delay irrelevant. Thus, Plaintiff would be harmed if the Court grants Citibank's motion.

First, "[p]laintiffs have a strong interest in resolving their claims expeditiously and in vindicating any constitutional or statutory violations to which they may have been subjected." *Melendres v. Maricopa Cty.*, No. 07-CV-02513, 2009 WL 2515618, at *2 (D. Ariz. Aug. 13, 2009). Accordingly, courts must consider a plaintiff's interest in the timely adjudication of her claims. *See Clinton*, 520 U.S. at 707–08 (holding that district court abused its discretion by granting "a lengthy and categorical stay" without accounting for plaintiff's interest in trying her case).

Second, "[s]taying a case when an alternative theory of liability can move forward would unduly postpone adjudication of Plaintiffs' claims." *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306, 2018 WL 3241069, at *4 (N.D. Cal. July 2, 2018). District courts of the Ninth Circuit have relied on that principle to deny stay requests based on anticipated appellate decisions or FCC rulings expected to clarify the definition of an ATDS when the plaintiff also alleged independent TCPA claims, like Plaintiff does here. *See, e.g.*, *id.* at *4; *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2018 WL 692105, at *5 (N.D. Cal. Feb. 2, 2018); *Larson v. Harman Mgmt. Corp.*, No. 1:16-CV-00219, 2017 WL 3172979, at *3 (E.D. Cal. July 26, 2017); *accord Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2017 WL 6507226, at *1 (M.D. Fla. Dec. 15, 2017) ("Plaintiff's allegations that Defendant made the calls using 'an artificial or prerecorded voice' rather than an autodialer would not be impacted."); *Bush v. Mid Continent Credit Servs., Inc.*, No. CIV-15-112-L, 2015 WL 5081688, at *3 (W.D. Okla. July 28, 2015) ("Therefore, it would be appropriate for the case to proceed, apart from the distraction over the 'capacity' issue, because plaintiff has adequately alleged a TCPA claim against the defendant by virtue of the alleged use of an artificial or prerecorded voice."); *Swope v. Credit Mgmt., LP*, No. 4:12CV832, 2013 WL 607830, at *4 (E.D. Mo. Feb. 19, 2013) (denying stay because "even

if the primary jurisdiction doctrine should be invoked for the claims related to the automatic telephone dialing system, plaintiff's claims regarding the use of an artificial or prerecorded voice are appropriately before this court, regardless of the FCC's decision.").

Further, this position is consistent with that taken by the majority of district courts faced with analogous circumstances concerning the definition of an ATDS. *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 317 (D. Mass. 2020) (noting that it joined the majority of district courts across the country by denying motion to stay pending challenge to FCC ruling where plaintiff alleged alternative TCPA claims); *Wright v. eXP Realty, LLC*, No. 6:18-CV-1851, 2019 WL 2411312, at *4 (M.D. Fla. June 7, 2019) (emphasizing that the existence of "two claims weighs heavily against staying the action" and collecting cases). Thus, it is well-settled that staying a case pending an unrelated appeal would unduly burden plaintiffs with claims that cannot be affected by the outcome of the unrelated case.

Third, the mere fact that Plaintiff seeks purely monetary damages does not render her interest in expeditious litigation irrelevant to this analysis. *See Zabriskie v. Fed. Nat'l Mortg. Ass'n*, No. CV-13-02260, 2015 WL 3712072, at *1–2 (D. Ariz. Mar. 30, 2015). In *Zabriskie*, the court denied the defendants' motion to stay pending the resolution of a potentially dispositive Ninth Circuit case. *Id.* at *2. The court, while noting defendants' objection that plaintiffs sought only monetary damages, reasoned that the stay was inappropriately lengthy. *Id.* Further, the court specifically considered plaintiffs' argument that they had "already invested significant time and money" into the litigation, and plaintiffs did not argue that they would face any particular challenges with the preservation of evidence. *Id.* at *1. Thus, the burden of delay is a relevant factor even when the plaintiff seeks only monetary damages. *Id.* at *1–2.

In this case, staying proceedings at this late stage would compromise Plaintiff's interest in expeditiously vindicating her statutory right to be free from receiving prerecorded calls to her cell phone without consent. *Duguid* is a case about the definition of an ATDS under the TCPA, so Plaintiff's claims arising from prerecorded messages sent to her cell phone are not in jeopardy. Therefore, a stay would needlessly delay the

resolution of this case until the Supreme Court reaches its decision, which will likely take nine months to one year. Such delay *might* be appropriate if *Duguid* were—as Citibank repeatedly represents—potentially dispositive of this entire case (and had the Ninth Circuit not already addressed the question, thus creating binding authority), but such representations are categorically false. This case will proceed as to the prerecorded aspect of the calls no matter what happens in *Duguid*.

Moreover, Citibank's assertion that a stay "will not necessarily lengthen the life of the case" because, even if the stay is denied, *Duguid* might require "new briefing [or new, costly discovery]" is misplaced. (Mot. to Stay at 6, ECF 87.) The suggestion that a significant delay could possibly be offset by additional briefing or discovery is implausible. For one thing, fact discovery has already ended.  Further, if the Supreme Court adopts the position of the Seventh and Eleventh Circuits, Plaintiff will reevaluate the propriety of her ATDS claim. There is simply no scenario in which denying this stay would delay this case more than if it were granted, and for no good reason.

### B.     The viability of Plaintiff's class certification arguments is immaterial.

The burdens a stay would impose on Plaintiff and putative class members exist regardless of the viability of her class certification arguments. Citibank cites no authority for the proposition that a stay does not harm putative class members if allegedly similar classes have been denied class certification for reasons not at issue in the parallel proceeding; this is because no such authority exists. It is uncontroversial that "[n]either a proposed class action nor a rejected class action may bind nonparties." *Smith v. BayerCorp.*, 564 U.S. 299, 315 (2011); *see also Smentek v. Dart*, 683 F.3d 373, 376 (7th Cir. 2012) (Posner, J.) (rejecting the notion that "comity" principles of *Landis* compel district courts to adhere to class certification decisions of different courts). Citibank cannot use the denial of class certification in *Revitch*—a different proposed class which is not binding on Plaintiff or the Court—to compel the outcome of this motion. And of course, Plaintiff disagrees strongly with Citibank's assessment that she will lose her class

certification motion in this Court. The Court should therefore disregard this argument entirely.

### III. Denying a stay would not result in any hardship or inequity to Citibank.

Citibank cannot demonstrate *any* hardship or inequity that would result from allowing this case to proceed, so the Court must deny this motion. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (citation omitted). This is particularly true when "significant portions of the dispute will be unaffected by the outcome of the" parallel litigation. *Pieterson*, 2018 WL 3241069, at *5 (citing *Lockyer*, 398 F.3d at 1112). There is no scenario in which Citibank's expenses will be wasted, unlike in *Seefeldt*, where *Duguid* could be fully dispositive. *Seefeldt v. Entm't Int'l, LLC*, 441 F. Supp. 3d 775 (E.D. Mo. 2020). Staying this case would therefore merely delay, but not eliminate, Citibank's obligations in this case at the expense of Plaintiff's interest in expeditiously resolving her claims. Additionally, fact discovery has already closed, which further minimizes any burden on Citibank. As litigation expenses alone cannot satisfy this test, Citibank cannot demonstrate any hardship or inequity that would result from denial of its motion.

Moreover, any inconvenience Citibank might suffer from the denial of a stay—while certainly not rising to the level of a hardship or inequity—is entirely abatable. Plaintiff offered to jointly request that the Court extend the deadline for dispositive motions until after *Duguid* is decided, which would prevent Citibank from having to engage in any ATDS-related trial preparation. Thus, the Court can account for any inconvenience Citibank might incur without needlessly delaying the resolution of this case.

For those reasons, Citibank cannot demonstrate any hardship or inequity, so staying this case would be unjustified.

### IV. A stay would not simplify issues or promote judicial economy.

Staying this case would bring about unnecessary delay solely for the sake of delay. That does not promote judicial economy. The party moving for a stay must articulate "the

9

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Lengthy delays, even for rulings that may impact the instant case, do not promote judicial economy or the orderly course of justice. *See Knapper v. Cox Commc'ns, Inc.*, No. CV-17-00913, 2019 WL 250430, at *4 n.3 (D. Ariz. Jan. 17, 2019) (noting that a lengthy stay was inappropriate in part because the case was "on the eve of its two-year mark"). Here, *Duguid* could simplify an issue relevant to, at most, one of Plaintiff's two causes of action. Staying this case entirely, rather than allowing proceedings to continue while working to abate any minor inconveniences, would merely delay the resolution of an almost two year-old case for most of an additional calendar year, thereby crowding the Court's docket in the future.

Citibank cites *Hoffman* in support of its theory that a stay would promote judicial economy, but *Hoffman* presents an entirely different set of circumstances. *Hoffman v. Jelly Belly Candy Co.*, No. 2:19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663, at *2 (E.D. Cal. June 26, 2020). There, the plaintiff's *only* TCPA claim arose from the defendant's alleged use of an ATDS. *Id.* That is, the plaintiff did not allege in *Hoffman* that the defendant violated the TCPA by way of artificial or prerecorded voice messages, as Plaintiff does here. Moreover, the stay was based on both *Duguid* and *Barr v. Am. Ass'n of Political Consultants, LLC*, 140 S. Ct. 2335 (2020), which could have invalidated the TCPA entirely. *Id.* Here, on the other hand, *Duguid* does not present any opportunity for the Supreme Court to issue an opinion fully dispositive of this case, so unlike in *Hoffman*, there is no chance that the Court's resources will be wasted by adjudicating Plaintiff's claims. Thus, the efficiency interests promoted by a stay in *Hoffman* are absent here.

Also worth mentioning is that the court in *Wesley v. Snap Finance, LLC*, No. 2:20-cv-00148-CMR (D. Utah), recently denied a defendant's motion to stay the matter pending resolution of *Duguid*. *Compare id.*, ECF 29 ("For that reason, Snap requests that the Court still consider its Motion and stay this action until *Facebook* is fully and finally resolved."), *with* ECF 34 ("Snap's motion to stay is DENIED.").

Accordingly, Citibank cannot meet its burden of demonstrating that a stay would simplify issues or promote judicial economy. Thus, the Court should deny Citibank's motion, as a stay is not in the interest of the litigants or the judicial system.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Citibank's motion for a stay.

Dated: August 4, 2020                           Respectfully submitted,

*/s/ Michael J. Boyle, Jr.*
Michael J. Boyle, Jr.
Meyer Wilson Co., LPA

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC

Counsel for Plaintiff and the proposed class

**CERTIFICATE OF SERVICE**

I certify that on August 4, 2020, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to counsel of record.

*/s/ Michael J. Boyle, Jr.*
Michael J. Boyle, Jr.
