John G. Kerkorian (012224)
kerkorianj@ballardspahr.com
Michael DiGiacomo (032251)
digiacomom@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
Facsimile:   602.798.5595
*Attorneys for Defendant*
*Citibank, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Citigroup, Inc.,<br><br>Defendant. | NO. CV-18-08189-DLR<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY CASE PENDING THE SUPREME COURT'S RULING ON THE DEFINITION OF AN AUTOMATIC TELEPHONE DIALING SYSTEM** |

## I.   **INTRODUCTION**

As stated in Citibank's Motion, a stay pending a ruling by the Supreme Court in *Duguid*[1] is appropriate here because there will be no harm to the Plaintiff, the *Duguid* decision directly impacts Plaintiff's primary claims and is likely to narrow them, and a stay will serve judicial economy.  The U.S. Supreme Court's decision in *Duguid* will impact Plaintiff's primary claim (and the majority of the class claims). While it may not fully dispose of this case, a stay of this case pending the decision in *Duguid* will promote judicial economy, ensure efficient discovery and fairness, and avoid needless expense to the parties.

As demonstrated in the Opposition, Plaintiff cannot in good faith dispute these facts.  Instead, Plaintiff is forced to rely almost exclusively on the fictitious argument that

---

[1] Unless otherwise stated, capitalized terms are used as defined in the *Defendant's Motion to Stay Case Pending the Supreme Court's Ruling on the Definition of an Automatic Telephone Dialing System* (the "Motion") [ECF 87].

a stay, no matter the length, will cause her harm. The benefits of a stay substantially outweigh the costs and burdens associated with continued litigation and motion practice, which could be mooted or substantially narrowed by the Supreme Court's guidance in *Duguid*. That is exactly why so many parties involved in litigation in this circuit have agreed to stay TCPA claims, via joint motions for a stay.[2] Plaintiff simply has no legitimate basis to oppose a stay. Accordingly, the Motion should be granted and this action stayed pending resolution of *Duguid*.

## II.   ARGUMENT

### A.   *Duguid* May Change Ninth Circuit Law

Plaintiff begins with a *non sequitur* argument that a grant of certiorari does not change current settled Ninth Circuit case law. Opp. p. 4. Plaintiff's argument appears to be that the grant of certiorari, in and of itself, is not a reason to grant the stay. This argument is willfully obtuse. Clearly a grant of certiorari standing alone does not change case law, but a decision on the issue on which certiorari was granted could indeed "change settled Ninth Circuit law," and, in the case at bar, is the very reason the Supreme Court granted certiorari—to resolve a circuit split to fully and finally resolve the definition of an ATDS under the TCPA.

Plaintiff supports her contention that a grant of certiorari does not justify a stay by cherry-picking non-binding decisions that deny a stay, and ignoring the multitude of cases where a grant of certiorari was indeed sufficient grounds for a court to exercise discretion. *See, e.g.*, *In re Sprouts Farmers Mkt.*, No. MDL 16-02731-PHX-DLR, 2017 U.S. Dist. LEXIS 80323, *4 (D. Ariz. May 24, 2017) (staying case after the Supreme Court granted certiorari regarding an issue that "would greatly influence" the plaintiff's claim); *Flores-Angeles v. United States*, No. CV-16-02067-PHX-SRB (BSB) 2017 U.S. Dist LEXIS 19263 (D. Ariz. February 10, 2017) (staying case after the Supreme Court

---

[2] *See, e.g.*, *Whattoff-Hall v. Portfolio Recovery Assocs.*, LLC, Case No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375 (S.D. Cal. July 23, 2020) (granting joint motion to stay case); *Blower v. Portfolio Recovery Assocs., LLC*, 2020, Case No. 19-cv-02270-BAS-LL, U.S. Dist. LEXIS 130505 (S.D. Cal. July 23, 2020) (same); *Hoagland v. Axos Bank*, Case No. 19-cv-00750-BAS-DEB, 2020 U.S. Dist. LEXIS 132831 (S.D. Cal. July 27, 2020) (same).

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400

granted certiorari because "the controlling decisions by the Supreme Court . . . will narrow the issues and promote judicial economy"); *Whittaker v. All Reverse Mortg., Inc.*, No. CV-20-08016, 2020 U.S. Dist. LEXIS 96833 (D. Ariz. 2020) (staying case after the Supreme Court granted certiorari regarding an issue that "might limit the scope of discovery").

### B. The Requested Stay Will Not Prejudice Plaintiff.

Plaintiff alleges that she will be harmed by the imposition of a stay pending the outcome in *Duguid*. The alleged harm is a delay in "the expeditious resolution of her case." Opp. p. 5. Plaintiff further argues that a stay is inappropriate where an alternative theory of liability is pleaded, i.e., that she alleges claims based upon calls made using an ATDS and upon receipt of prerecorded messages. These arguments lack merit as the Motion seeks a reasonable stay of discernible duration.

Plaintiff elected to bring her claims against Citibank on behalf of herself and others similarly situated. The length of time this case has been pending, including an earlier stay of this case, is directly related to that choice. The bulk of time and effort spent to date in this matter has not been to address Citibank's liability under the TCPA, as would be the case in an individual-plaintiff action, but rather to determine if there is a certifiable class and whether Plaintiff may appropriately act as a representative for that putative class. Any delay caused by the stay, which would allow time for a decision from the Supreme Court that goes directly to Citibank's alleged liability, should not be dispositive in a decision on whether to grant the requested stay.

Plaintiff cites myriad cases in which a requested stay of TCPA claims was denied based on the prejudice caused by delay to a plaintiff. All of the cases are distinguishable based on (1) the length of stay at issue and (2) the grounds under which the court was asked to grant the stay.

Here, Plaintiff concedes that a decision in *Duguid* will likely take "nine months to one year." The cases Plaintiff cites in support of her position that a stay will cause a prejudicial delay address situations where the moving party sought a stay of unknown

duration, potentially years long. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306, 2018 WL 3241069, at *4 (N.D. Cal. July 2, 2018) (denying an "effectively . . . indefinite" stay); *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2018 WL 692105, at *5 (N.D. Cal. Feb. 2, 2018) (denying stay where Ninth Circuit "deferred submission on the issue of whether a predictive dialer constitutes an ATDS"); *Larson v. Harman Mgmt. Corp.*, No. 1:16-CV-00219, 2017 WL 3172979, at *3 (E.D. Cal. July 26, 2017) (agreeing with movant that stay based on Supreme Court's grant of certiorari would "likely result in little damage, if any, to plaintiff"); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308 (D. Mass. 2020) (denying stay "for an underminate period" while FCC engaged in notice and comment rulemaking); *Wright v. eXP Realty*, LLC, No. 6:18-CV-1851, 2019 WL 2411312, at *4 (M.D. Fla. June 7, 2019) (same); *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, No. CV-13-02260, 2015 WL 3712072 (denying stay where Ninth Circuit estimated 36 months from notice of appeal to a ruling).

Similarly, the majority of the cases Plaintiff cites in support of her delay argument deal not with a stay pending resolution of a case by the Supreme Court, but rather stays pursuant to the primary jurisdiction doctrine where movants sought stays while the FCC engaged in rule making. *See, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2017 WL 6507226, at *1 (M.D. Fla. Dec. 15, 2017) (denying stay where stay "would amount to a constructive refusal to enforce the FCC's interpretation, which this Court is prohibited from doing"); *Bush v. Mid Continent Credit Servs., Inc.*, No. CIV-15-112-L, 2015 WL 5081688, at *3 (W.D. Okla. July 28, 2015) (denying stay sought under primary jurisdiction doctrine); *Swope v. Credit Mgmt., LP*, No. 4:12CV832, 2013 WL 607830, at *4 (E.D. Mo. Feb. 19, 2013) (same).

Here, the estimated length of the stay, as Plaintiff concedes, will likely be less than a year, and perhaps even shorter. Unlike the cases cited by Plaintiff, here, any prejudice Plaintiff may suffer due to a short stay is *de minimus*, and is substantially outweighed by the interests of efficiency and economy served by the requested stay.

4

### C. **Prejudice to Putative Class Members is Irrelevant.**

Plaintiff asserts: "The burdens a stay would impose on Plaintiff and putative class members exist regardless of the viability of her class certification arguments." Opp. p. 8. This argument should be disregarded. Allegations of harm to putative class members carry no weight in the stay analysis where – as here – no class has been certified. *See Whittaker v. All Reverse Mortg., Inc.*, No. 20-8016, 2020 U.S. Dist. LEXIS 96833 at *3 (D. Ariz. May 29, 2020) (in granting stay, finding that "[a]llegations regarding ongoing harm to potential class members are similarly unpersuasive because no class has been certified."); *Jensen v. Roto-Rooter Servs. Co.*, Case No C20-0223-JCC 2020 U.S. Dist. LEXIS 85374, at *4 (D. Wash. May 14, 2020) ("a stay will not expose Plaintiff or the potential class to further injury.").

That the putative class will not be prejudiced is further evidenced by the fact that, as discussed in the Motion, two courts already have denied certification as to a putative class nearly identical to the class that Plaintiff purports to certify here. *See* Motion at 6-7 (citing *Revitch v. Citibank, N.A.*, No. C 17-06907-WHA, 2019 U.S. Dist. LEXIS 72026, *12-15 (C.D. Cal. April 28, 2019), and *Tomeo v. Citigroup, Inc.*, No. 13 C 4046, 2018 U.S. Dist. LEXIS 166117, *15 (N.D. Ill. Sep. 27, 2018)). For that reason, the balance of factors weighs in favor of waiting for the Supreme Court to provide much needed guidance on the issue of what constitutes an ATDS when, as here, both Plaintiff and the putative class she seeks to represent will not be prejudiced.

### D. **Citibank Will Suffer Hardship And Judicial Resources Will Be Taxed If A Stay Is Denied.**

There will be prejudice to Citibank, as well as the potential for waste of judicial resources, if the stay is denied. A decision from the Supreme Court in *Duguid* will resolve the disputed definition of an ATDS and provide a clear understanding to all parties of the applicable law. As explained in *Hoffman*, "the Supreme Court's decision in . . . *Duguid*, will allow this Court to adjudicate the issues before it with far greater certainty. To do otherwise would be a waste of judicial resources and a waste of the

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400

5

parties' time and energy." *Hoffman v. Jelly Belly Candy Co.*, No. 19-1935, 2020 U.S. Dist. LEXIS 112663, at *6 (E.D. Cal. June 26, 2020). The stay in *Hoffman* was sought and granted prior to the grant of certiorari in *Duguid*. Since the grant of certiorari, the court in *Hoffman* has extended the stay of the case to allow for issuance of a decision by the Supreme Court resolving the ATDS issue. *See id* at ECF 22 ("the Court continues to STAY the district court proceedings in this case until *Facebook, Inc. v. Duguid*, Appeal No. 19-511 has been decided by the Supreme Court of the United States").

As noted in the Motion, absent a stay, Citibank will be forced to continue to defend against Plaintiff's attempt to certify the putative class. Citibank will thus be forced to continue to incur costs pertaining to briefing class certification and completing expert discovery, as well as potentially incurring unnecessary motion and trial preparation costs. Regardless of the fact that a claim related to the use of a prerecorded voice may survive after a decision in *Duguid*, the resolution of the ATDS issue will significantly reduce Citibank's burden in defending against class certification, and, if a class is certified, in defending against the substantive claims asserted by Plaintiff.

Further, judicial resources will be conserved by a stay. Though Plaintiff relies heavily on the fact that she has asserted an independent claim to liability under the TCPA, there can be no question that a final resolution as to the definition of an ATDS will reduce expenses and uncertainties related to Plaintiff's pending motion for class certification, and possible discovery-related matters and/or summary judgment motions. The court in *Seefeldt*, admittedly a case where *Duguid* could be potentially dispositive of all claims, recognized this risk to judicial resources and held that "a stay is appropriate . . . to avoid exhausting judicial resources to decide" such matters. *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *11-12.

### E.   Plaintiff's Claims May Be Significantly Narrowed By *Duguid*.

As set forth in Citibank's Motion, the Supreme Court's disposition in *Duguid* may eliminate or substantially impact Plaintiff's claims in this case by adopting a discrete, narrow definition of an ATDS advocated by petitioners there. Here, Plaintiff asserts her

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400

claim based on the Ninth Circuit's definition of an ATDS as announced in *Marks*. Pleadings are now closed and thus the Supreme Court's decision as to the definition of an ATDS will have a direct, and potentially dispositive, impact on Plaintiff's claims that Citibank used an ATDS to contact her and any other members of the putative class.

In her Opposition, Plaintiff does not dispute that *Duguid* may result in a substantial narrowing of her TCPA claim. Rather, she argues that it will not "fully dispose" of this case in its entirety because Plaintiff alleges two separate bases for relief under the TCPA: one based on Citibank's alleged use of an ATDS to call her and another based on Citibank's alleged actions in "delivering artificial or prerecorded messages" to cellular telephones. Opp. p. 1. Plaintiff's argument misses the mark because Supreme Court guidance in *Duguid* as to the definitional contours of an ATDS may result in a *substantial narrowing* of Plaintiff's TCPA claim. The case law Plaintiff cites in support of her argument that a stay would cause an improper delay in adjudication of her independent theory of TCPA liability, as noted above, is distinguishable and does not support the contention that any stay is inappropriate where there is an independent theory of liability.

## III.   CONCLUSION

For the foregoing reasons as well as the reasons set forth in its Motion, Defendant Citibank respectfully requests that the Court stay these proceedings pending disposition by the United States Supreme Court in *Duguid*.

RESPECTFULLY SUBMITTED this 11th day of August, 2020.

BALLARD SPAHR LLP

By: */s/ Michael A. DiGiacomo*
    John G. Kerkorian
    Michael DiGiacomo
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555
    *Attorneys for Defendant*
    *Citibank, N.A.*

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of August, 2020, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

*/s/ Vicki L. Morgan*