Matthew R. Wilson (*admitted pro hac vice*)
Michael J. Boyle, Jr. (*admitted pro hac vice*)
Meyer Wilson Co., LPA
305 W. Nationwide Blvd.
Columbus, Ohio 43215
(614) 224-6000
(614) 224-6066 (Fax)
mwilson@meyerwilson.com
mboyle@meyerwilson.com

Michael L. Greenwald (*admitted pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
(561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, *on behalf of herself and others similarly situated*,<br><br>          Plaintiff,<br><br>v.<br><br>Citibank, N.A.,<br><br>          Defendant.<br>_____ | No.: 3:18-cv-08189-ROS<br><br>Jury Trial Demanded<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT** |

**Nature of this Action**

1.      Christine Head ("Plaintiff") brings this class action against Citibank, N.A. ("Citibank" or "Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

2.      Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

1

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice—

\*       \*       \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

3.      Upon information and good faith belief, Citibank routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls using an artificial or prerecorded voice to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it calls wrong or reassigned telephone numbers not assigned to its current or former customers or authorized users.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this district, and as Citibank transacts business in this district.

### Parties

6.      Plaintiff Christine Head is a natural person who at all relevant times resided in Kingman, Arizona.

7.      Citibank is a wholly owned subsidiary of Citigroup Inc., which is publicly traded.

8.      Citibank is a National Bank, FDIC Certificate Number 7213, with its principal place of business in New York, New York.

9.      Citibank's principal offerings include: consumer finance, mortgage lending and retail banking (including commercial banking) products and services; investment banking, cash management and trade finance; and private banking products and services.

## The TCPA

10.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, prerecorded calls are prohibited because, as Congress found, such calls are a greater nuisance and invasion of privacy than live calls, and they can be costly and inconvenient.

12.     The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

13.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## Factual Allegations

14.     Beginning in or around October 2017, Citibank placed a number of calls to cellular telephone number (928)-XXX-0023.

15.     In total, Citibank placed more than 100 calls to cellular telephone number (928)-XXX-0023 from October-December 2017.

16.     During the time Citibank placed its calls to (928)-XXX-0023, Plaintiff was the only customary user of her (928)-XXX-0023 telephone number.

17.     In connection with its calls to telephone number (928)-XXX-0023 from October-December 2017, Citibank left 23 prerecorded voice messages on the cellular telephone voicemail associated with (928)-XXX-0023.

18.     Plaintiff answered several of Citibank's calls to her (928)-XXX-0023 cellular telephone number.

---

[1]     *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).
[2]     *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Declaratory Ruling, 23 FCC Rcd 559, 564-65 (¶ 10) (2008).

3

19.     In connection with each of the calls it placed to Plaintiff's cellular telephone number that she answered, Citibank played an artificial or prerecorded voice message referencing Plaintiff's supposed Home Depot account.

20.     None of the calls Plaintiff answered from Citibank had a live person on the line; rather, Citibank played a prerecorded voice message after Plaintiff said hello.

21.     Each of the prerecorded messages would ask Plaintiff to return Citibank's call.

22.     Citibank is the issuer of Home Depot branded credit cards.

23.     Citibank made the calls to Plaintiff in an attempt to reach a Home Depot credit card customer.

24.     Plaintiff does not have, and to her knowledge has never had, any relationship with Citibank.

25.     Plaintiff also does not have, and never had, a Home Depot account of any kind.

26.     At no point did Plaintiff provide her telephone number to Citibank or to Home Depot.

27.     Plaintiff's cellular telephone number is believed to have been received by Citibank when another individual, "Jack Bingham," opened a new Citibank account using Plaintiff's cellular telephone number on his application.

28.     Plaintiff does not know Jack Bingham and she did not authorize any such person to open an account using her cellular telephone number.

29.     Citibank's records show all calls it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an artificial or prerecorded voice.

30.     Each of Citibank's calls to Plaintiff's cellular telephone number was accompanied by an artificial or prerecorded voice message.

31.     No live person was ever on the line when Plaintiff answered Citibank's calls.

32.     At one point, Plaintiff returned one of Citibank's calls to inform Citibank that it was calling the wrong number.

33.     However, Plaintiff was placed on an extended hold and instructed to wait for the next available representative.

34.     Frustrated, and knowing that the Home Depot/Citibank account in question was not her account, Plaintiff hung up.

35.     Citibank placed its calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number for non-emergency purposes.

36.     Citibank placed its calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number voluntarily.

37.     Citibank placed the calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice under its own free will.

38.     Citibank had knowledge that it placing calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number.

39.     Citibank intended to use an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

40.     Plaintiff is not, nor was, one of Citibank's customers.

41.     Plaintiff does not, nor did, have a business relationship with Citibank.

42.     Plaintiff did not give Citibank or Home Depot prior express consent to place calls to her cellular telephone number by using an artificial or prerecorded voice.

43.     Plaintiff suffered actual harm as a result Citibank's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

44.     As well, Citibank's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

45.     On information and belief, Citibank, as a matter of pattern and practice, uses an artificial or prerecorded voice when placing calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

46.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as the representative of the following class:

All persons and entities throughout the United States (1) to whom Citibank,

N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through the date of class certification.

47.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

48.     The proposed class is so numerous that joinder of all members is impracticable.

49.     While Plaintiff does not know the exact number of members of the class, it is estimated to contain more than one million members.

50.     The proposed class is defined by reference to objective criteria.

51.     In addition, the cellular telephone numbers of all members of the class can be identified in business records maintained by Citibank and third parties, including class members themselves.

52.     Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

53.     Plaintiff and members of the proposed class received calls made using an artificial or prerecorded voice, from Citibank, without consent, on their cellular telephone, in violation of 47 U.S.C. § 227.

54.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

55.     Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

56.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

57.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

58.     There will be little difficulty in the management of this action as a class action.

59.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

60.     Among the issues of law and fact common to the class are:

    a.   Defendant's violations of the TCPA;

    b.   Defendant's use of an artificial or prerecorded voice in connection with placing calls to cellular telephone numbers;

    c.   Liability for calls to wrong or reassigned cellular telephone numbers;

    d.   Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

    e.   the availability of statutory damages.

61.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

62.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

63.     Citibank violated 47 U.S.C. § 227(b)(1)(A)(iii) by making calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number, without her consent.

64.     As a result of Citibank's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

65.     Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Determining that this action is a proper class action;

7

b) Designating Plaintiff as class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.


Dated: April 28, 2021                  Respectfully submitted,


                                       */s/ Michael L. Greenwald*
                                       Michael L. Greenwald (*pro hac vice*)
                                       Greenwald Davidson Radbil PLLC


                                       */s/ Matthew R. Wilson*
                                       Matthew R. Wilson (*pro hac vice*)
                                       Meyer Wilson Co., LPA

**CERTIFICATE OF SERVICE**

      I certify that on April 28, 2021, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to counsel of record.

                              */s/ Michael L. Greenwald*
                              Michael L. Greenwald