Matthew R. Wilson (*admitted pro hac vice*)
Michael J. Boyle, Jr. (*admitted pro hac vice*)
Meyer Wilson Co., LPA
305 W. Nationwide Blvd.
Columbus, Ohio 43215
(614) 224-6000
(614) 224-6066 (Fax)
mwilson@meyerwilson.com
mboyle@meyerwilson.com

Michael L. Greenwald (*admitted pro hac vice*)
Aaron D. Radbil (*admitted pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
(561) 826-5477
mgreenwald@gdrlawfirm.com
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Citibank, N.A.,<br><br>Defendant. | No. 3:18-cv-08189-ROS<br><br>**Plaintiff's Notice of Supplemental Authority In Support of Her Renewed Motion for Class Certification and Appointment of Class Counsel** |

Plaintiff Christine Head respectfully submits *Brown v. DIRECTV, LLC*, No. 2:13-cv-01170, Dkt. 401 (C.D. Cal. Dec. 1, 2021) (Exhibit A) as supplemental authority in support of her renewed motion for class certification and appointment of class counsel. Dkt. No. 120. In *Brown*, the court: (1) denied the defendant's motion to decertify the class of non-customers who received prerecorded debt collection calls to their cell phones, *id.* at 8–14; and (2) granted summary judgment to the class as to liability, *id.* at 14–24, finding that only an administrative damages process remains. Three holdings from *Brown* are particularly relevant here.

First, "under this Circuit's binding precedent, no matter how laborious or imperfect the process of identifying class members is, it does not present a predominance issue." *Id.* at 11 (relying on *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) and *Walker v. Life Ins. Co. of the S.W.*, 953 F.3d 624, 632 (9th Cir. 2020)). Because the class in *Brown* was "defined to include only non-customers" for whom there was no evidence of prior express consent, the defendant's so-called predominance argument boiled down to nothing more than "ascertaining the Class Members and adding up the total damages." *Id.* at 10. Thus, precedent foreclosed the defendant's arguments. *Id.*

Second, the non-customer class definition distinguished *Brown* from *Revitch v. Citibank, N.A.*, No. C-17-06907, 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019), where the class was defined with reference to wrong number codes, because in those cases "the issue was not ascertaining class members" but adjudicating consent on an individualized basis. *Brown* at 12 n.13. In *Brown*—as here—the class definition allowed the court to adjudicate consent on a class-wide basis. It then did so, granting summary judgment to the Class. *Id.* at 14-15 (holding that there was "no evidence that any class member provided prior express consent").

Third, the court held that class members could be identified through a "far more targeted and objective" method than *Briseno* allows—namely, a damages phase in which wrong number codes serve as a starting point for identifying class members, a reverse

1

look-up and claims submission process verifies class membership, and a special master resolves any genuine disputes. *See id.* at 11–12. The court made clear that those procedures would provide the defendant with sufficient opportunity to challenge class membership, and "[t]he fact that these challenges would arise during the claims process, as opposed to a trial, does not run afoul of Rule 23 or due process. Nor does it affect predominance or overcome the superiority of a class action." *Id.* at 13–14 (relying on *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015)).

Dated: December 2, 2021    Respectfully submitted,

/s/ *Michael J. Boyle*
Michael J. Boyle
Meyer Wilson Co., LPA

/s/ *Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC

Counsel for Plaintiff and the Proposed Class

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2021, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to counsel of record.

/s/ *Michael J. Boyle*
Michael J. Boyle