Michael L. Greenwald (admitted pro hac vice)
Aaron D. Radbil (admitted pro hac vice)
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com
aradbil@gdrlawfirm.com

Counsel for Plaintiff Christine Head and the Class

John G. Kerkorian (012224)
Daniel JT McKenna (admitted pro hac vice)
Matthew A. Morr (admitted pro hac vice)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
kerkorianj@ballardspahr.com
mckennad@ballardspahr.com
morrm@ballardspahr.com

Counsel for Defendant Citibank, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>Citibank, N.A.,<br><br>            Defendant. | NO. CV-18-08189-ROS<br><br>**JOINT STATUS REPORT**<br><br>**RE: DOC NO. 149** |

1

Pursuant to the January 28, 2022 Minute Order [Doc. 149], Plaintiff Christine Head and Defendant Citibank, N.A. ("Citibank") (together, the "Parties") submit the following Joint Status Report.

In accordance with the Minute Order, the Parties have met and conferred regarding class notice, preparation of the Notice List, the dissemination of class notice, and dispositive motions. The Parties agree and jointly propose that the Court hold in abeyance the scheduling of deadlines with respect to notice and dispositive motions pending the Ninth Circuit's decision concerning the Rule 23(f) Petition filed by Citibank on February 11, 2022 and, if the Petition is granted, pending the Ninth Circuit's decision on the appeal (the "23(f) Period"). Plaintiff filed her opposition on February 22, 2022. The Parties also agree and jointly propose that the Court vacate the March 2, 2022 status hearing, the reasons for which are explained below.

The class notice contemplated by the Court's decision, which Citibank has challenged, would entail considerable time, effort, and expense. Given the foregoing, the Parties believe it is prudent to wait until the conclusion of the 23(f) Period before sending class notice. *See Romero v. Securus Techs.*, 383 F.Supp.3d 1069, 1075 (S.D. Cal. 2019) (staying proceedings pending Ninth Circuit adjudication of Rule 23(f) petition, court noted "the prospect of substantial, unrecoverable time and resources spent on class discovery" and "[d]istrict courts have found irreparable harm probable where an appeal may result in decertification of the class, thereby resulting in a substantial waste of time and resources").

In addition, dissemination of notice during the pendency of the 23(f) Period could lead to needless expense and class member confusion if the Class Certification Order is accepted for review and later reversed on appeal. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.3, at 284 (2004) ("*If the [Rule 23(f)] appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination.*") (emphasis added).

The Parties do not intend to remain inactive; they will, instead, begin work on the

class notice process. They anticipate that they may have disagreements about the scope of information to be provided by Citibank in connection with the preparation of the Notice List, as contemplated by Plaintiff. The Parties agree that, during the 23(f) Period, they will meet and confer regarding the production of appropriate records (if any), and if they are unable to reach agreement, they will raise any such disputes with the Court.

For the foregoing reasons, the Parties jointly request that the Court issue an Order vacating the March 2, 2022 status hearing and requiring the Parties to submit a Joint Status Report within 21 days after the end of the 23(f) Period, regarding: (1) the Ninth Circuit's decision; (2) whether either party intends to file a dispositive motion, the movant's expected basis for the motion, and the opposing side's brief explanation why the motion would fail; and (3) if applicable, the parties' proposals concerning the content of class notice, the means of class notice, and the notice schedule.

To the extent the Court prefers to hold a status hearing, the Parties request that the Court either hold the hearing virtually (via videoconferencing or by telephone) or, alternatively, reschedule the March 2, 2022 status hearing.

RESPECTFULLY SUBMITTED this 23rd day of February, 2022.

| GREENWALD DAVIDSON RADBIL PLLC | BALLARD SPAHR LLP |
|---|---|
| By: */s/ Michael L. Greenwald* <br> Michael L. Greenwald (Admitted Pro Hac Vice) <br> Aaron D. Radbil (Admitted Pro Hac Vice) <br> 7601 N. Federal Highway <br> Suite A-230 <br> Boca Raton, FL 33487 | By: */s/ Matthew A. Morr* <br> Daniel JT McKenna (Admitted Pro Hac Vice) <br> Matthew A. Morr (Admitted Pro Hac Vice) <br> John G. Kerkorian (012224) <br> 1 East Washington Street <br> Suite 2300 <br> Phoenix, AZ 85004-2555 |
| *Attorneys for Plaintiff Christine Head and the Class* | *Attorneys for Defendant Citibank, N.A.* |

3

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2022, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to counsel of record.

*/s/ Michael L. Greenwald*
Michael L. Greenwald
