IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, *on behalf of herself and others similarly situated*,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>Citibank, N.A.,<br><br>                                    Defendant. | No.: 3:18-cv-08189-ROS<br><br>**DECLARATION OF MICHAEL L. GREENWALD IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Michael L. Greenwald, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is Michael L. Greenwald.

2.      I am over twenty-one years of age.

3.      I am fully competent to make the statements contained in this declaration.

4.      I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR").

5.      I graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

6.      I am co-counsel for Plaintiffs Christine Head, Robert Newton, and the Settlement Class in this action.

7.      This Court previously appointed my firm, along with co-counsel Meyer Wilson Co., LPA, as Class Counsel. *See Head v. Citibank, N.A.*, 340 F.R.D. 145, 152 (D. Ariz. 2022) (Silver, J.).

8.      GDR, which focuses on consumer protection class action litigation, has attorneys in Boca Raton, Florida and Austin, Texas.

9.      I am admitted to practice before this Court *pro hac vice*.

10.      I submit this declaration in support of Plaintiffs' unopposed motion for preliminary approval of class action settlement.

1

**GDR's Experience**

11.     GDR's attorneys have extensive experience litigating consumer protection class actions, including class actions under the Telephone Consumer Protection Act ("TCPA").

12.     As court-appointed class counsel in TCPA class actions, GDR has helped to recover more than $150 million over the past eight years, including in the following cases:

- *Smith v. Assurance IQ, LLC*, No. 2023-CH-092252 (Cook County, Ill.);
- *Fralish v. Ceteris Portfolio Servs., LLC*, No. 3:22-CV-176-DRL-MGG (N.D. Ind.);
- *Jackson v. Discover Fin. Servs. Inc.*, No. 1:21-cv-04529 (N.D. Ill.);
- *Lucas v. Synchrony Bank*, No. 4:21-cv-00070-PPS (N.D. Ind.);
- *Wesley v. Snap Fin. LLC*, No. 2:20-cv-00148-RJS-JCB (D. Utah);
- *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR (E.D. Mo.);
- *Davis v. Mindshare Ventures LLC*, No. 4:19-cv-1961 (S.D. Tex.);
- *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS (N.D. Cal.);
- *Neal v. Wal-Mart Stores, Inc. & Synchrony Bank*, No. 3:17-cv-00022 (W.D.N.C.);
- *Jewell v. HSN, Inc.*, No. 3:19-cv-00247-jdp (W.D. Wis.);
- *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz.) (Logan, J.);
- *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532-GCS-RSW (E.D. Mich.);
- *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-01971-T-27AAS (M.D. Fla.);
- *Martinez v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW (E.D. Mo.);
- *Johnson v. NPAS Sols., LLC*, No. 9:17-cv-80393 (S.D. Fla.) (on appeal);
- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);
- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);
- *Johnson v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.);

- *Toure & Heard v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.);
- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);
- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);
- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);
- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);
- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);
- *Jones v. I.Q. Data Int'l, Inc.,* No. 1:14-cv-00130-PJK-GBW (D.N.M.); and
- *Ritchie v. Van Ru Credit Corp.,* No. 2:12-CV-01714-PHX-SM (D. Ariz.) (McNamee, J.).

13.     In addition, GDR has been appointed class counsel in dozens of class actions brought under consumer protection statutes other than the TCPA, including:

- *Taylor v. TimePayment Corp.*, No. 3:18-cv-00378-MHL-DJN (E.D. Va.);
- *Danger v. Nextep Funding, LLC*, No. 0:18-cv-00567-SRN-LIB (D. Minn.);
- *Spencer v. #1 A LifeSafer of Ariz. LLC*, No. 18-02225-PHX-BSB (D. Ariz.) (Bade, J.);
- *Dickens v. GC Servs. Ltd. P'Ship*, No. 8:16-cv-00803-JSM-TGW (M.D. Fla.);
- *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP (M.D. Fla.);
- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP (M.D. Fla.);
- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449 (E.D. Tex.);
- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL (W.D. Ky.);
- *Rhodes v. Nat'l Collection Sys., Inc.*, No. 15-cv-02049-REB-KMT (D. Colo.);
- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA (D. Or.);
- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V (W.D.N.Y.);
- *Roundtree v. Bush Ross, P.A.*, No. 8:14-cv-00357-JDW-AEP (M.D. Fla.); and
- *Gonzalez v. Germaine Law Office PLC*, No. 2:15-cv-01427-PHX-ROS (D. Ariz.) (Silver, J.).

3

14.    In previously certifying this matter as a class action, this Court wrote:

> Moreover, the quality of Plaintiff's filings to this point, as well as the declarations submitted by the proposed class counsel, Michael Greenwald (Doc. 120-6) . . . persuade the Court that Head, Greenwald, and Wilson will continue to vigorously prosecute this action on behalf of the class.
>
> *    *    *
>
> Significantly, class counsel have provided a list of well over a dozen class actions Greenwald, Wilson, and their respective firms have each litigated, including several under the TCPA. (Doc. 120-6 at 5-6; Doc. 120-7 at 2-7). These showings demonstrate counsel's experience in handling class actions, complex litigation, and the types of claims asserted in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).

*Head*, 340 F.R.D. at 152.

15.    As well, in *Ritchie*, Judge Stephen P. McNamee of this Court stated upon granting final approval to the TCPA settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

No. CIV-12-1714 (D. Ariz. July 21, 2014).

16.    Other district courts likewise have commented on GDR's useful knowledge and experience in connection with class action litigation.

17.    For instance, in preliminarily approving the class action settlement in *Chapman v. Bowman, Heintz, Boscia & Vician, P.C*, Judge Jon E. DeGuilio of the Northern District of Indiana wrote:

> No doubt Michael L. Greenwald of Greenwald Davidson Radbil PLLC has put extensive work into reviewing and investigating the potential claims in this case, and he and his firm have experience in handling class action litigation. Additionally, Mr. Greenwald has demonstrated his knowledge of the FDCPA and he has so far committed the resources necessary to representing the class and administrating the proposed settlement. The Court believes that Mr.

4

> Greenwald will fairly and adequately represent the interests of the class; and therefore, in compliance with Rule 23(g)(1), it is **ORDERED** that Michael Greenwald of Greenwald Davidson Radbil PLLC is appointed Class Counsel.

No. 2:15-cv-120 JD, 2015 WL 9478548, at *6 (N.D. Ind. Dec. 29, 2016).

18.    In *Schwyhart*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval to a TCPA settlement for which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

19.    Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—"is to be commended for his work" for the class, "was professional at all times" ..., and used his "excellent negotiation skills" to achieve a settlement fund greater than that required by the law.

> The undersigned concurs ... Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

*McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

20.    As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

5

21.     In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

22.     Similarly, in *Cooper v. InvestiNet, LLC*, Chief Judge Tanya Walton Pratt of the Southern District of Indiana wrote:

> GDR is an experienced firm that has successfully litigated many complex consumer class actions, including under the FDCPA. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including in this district. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

No. 1:21-cv-01562-TWP-DML, 2022 WL 1125394 (S.D. Ind. April 14, 2022)

23.     Additional information about GDR is available at www.gdrlawfirm.com.

**Michael L. Greenwald**

24.     Prior to forming GDR in 2012, I spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—one of the nation's largest plaintiff's class action firms.

25.     My practice at Robbins Geller focused on complex class actions, including securities and consumer protection litigation.

26.     While at Robbins Geller, I served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.* (D.S.C.); *Norfolk Cnty. Ret. Sys. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

27.     I started my career as an attorney in the Fort Lauderdale, Florida office of Holland & Knight LLP.

28.     Other GDR attorneys also contributed to the successful prosecution of this case, including partners Aaron D. Radbil, James L. Davidson, and Jesse S. Johnson.

**Aaron D. Radbil**

29.    Mr. Radbil graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

30.    Mr. Radbil is admitted to practice before this Court *pro hac vice*.

31.    Mr. Radbil has extensive experience litigating consumer protection class actions, including those under the TCPA.

32.    In addition to his experience litigating consumer protection class actions, Mr. Radbil has briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal courts of appeals.

**James L. Davidson**

33.    Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

34.    Mr. Davidson is admitted to practice before this Court *pro hac vice*.

35.    He has been appointed class counsel in a host of consumer protection class actions.

36.    Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

**Jesse S. Johnson**

37.    Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

38.    He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

39.    Mr. Johnson is admitted to practice before this Court *pro hac vice*.

40.    While an attorney at GDR, Mr. Johnson has been appointed class counsel in

more than a dozen consumer protection class actions.

41.     Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

**GDR's Willingness and Ability to Protect Settlement Class Members**

42.     GDR has, and will continue to, vigorously protect the interests of members of the proposed settlement class.

43.     GDR, along with co-counsel, has advanced all costs necessary to prosecute this action.

44.     GDR has devoted a tremendous number of hours to this case over nearly six years and will continue to devote all necessary time to this case as it proceeds through the settlement approval process.

45.     GDR has also devoted significant time and resources to prosecuting Mr. Newton's claims in the Eastern District of Tennessee. No. 1:22-cv-89-KAC-CHS (E.D. Tenn.).

46.     GDR has no known conflicts with the proposed settlement class.

**The Settlement**

47.     The settlement requires Citibank to create a non-reversionary common fund of $29.5 million, which will be invested in FDIC-insured, interest-bearing accounts pending the settlement approval process.

48.     It is expected that the settlement fund will exceed $30 million when the time comes to distribute payments.

49.     The Settlement Class is defined as:

> All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card

8

account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024.

50.    Participating Settlement Class Members will receive an equal share of the fund after deducting attorneys' fees, costs, and expenses as awarded by the Court, notice and administration costs, and service awards to Ms. Head ($15,000) and Mr. Newton ($10,000), subject to Court approval.

51.    There is no clear-sailing provision with respect to attorneys' fees, costs, or expenses. As a result, Citibank may object to these amounts if it chooses to do so.

52.    The settlement fund is all cash, with no coupon or voucher component.

53.    No settlement funds will revert to Citibank.

54.    In the unlikely event that *pro rata* payments would exceed $2,500, participating Settlement Class Members would be entitled to recover in excess of $2,500 if they provide documentary evidence in the form of, for example, telephone records from their wireless carrier, screen shots from their cellular telephones, or other documentary evidence demonstrating that they received more than five calls from Citibank. In such circumstances, participating Settlement Class Members who provide documentary evidence demonstrating that they received more than five calls from Citibank would receive additional compensation in the form of a *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each.

55.    The parties expect to send direct mail notice to more than 400,000 potential Settlement Class Members.

56.    The parties reached this settlement after nearly six years of litigation that included written discovery, depositions, expert discovery, and extensive motion practice, including this Court's certification of a litigation class.

57.    Moreover, the parties reached this settlement only after attending mediation with the Hon. Steven Gold (Ret.) of JAMS in New York.

58. Given the tremendous recovery for the class, particularly in light of the risks associated with continued litigation, I firmly believe the settlement to be fair, reasonable, and adequate, and that this Court should preliminarily approve it and order the issuance of class notice.

59. Attached is a true and correct copy of the settlement agreement and its exhibits:

Exhibit 1: Postcard Notice with Detachable Claim Form and Long-Form, Question-and-Answer Notice

Exhibit 2: [Proposed] Order of Preliminary Approval

Exhibit 3: [Proposed] Final Order and Judgement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2024.        By: _s/ Michael L. Greenwald_
                                                   Michael L. Greenwald

10

**CLASS ACTION SETTLEMENT AGREEMENT**

Christine Head and Robert Newton (collectively, "Plaintiffs") and Citibank, N.A. ("Defendant") (together, the "parties") enter into this arm's-length class action settlement agreement ("Agreement").

1. **Recitals:**

    1.1. On August 15, 2018, Christine Head filed a class action complaint against Citigroup, Inc., styled *Christine Head, on behalf of herself and others similarly situated, v. Citigroup, Inc.*, Case No. 3:18-cv-08189 (D. Ariz.), through which Ms. Head alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

    1.2. On April 28, 2021, Ms. Head filed her Third Amended Class Action Complaint, styled *Christine Head, on behalf of herself and others similarly situated, v. Citibank, N.A.*, Case No. 3:18-cv-08189-ROS (the "Head Lawsuit"), through which Ms. Head alleged violations of the TCPA.

    1.3. Subsequently, the United States District Court for the District of Arizona (the "Court") certified the following class: "All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through January 27, 2022."

    1.4. Defendant denies the allegations of wrongdoing included in the Head Lawsuit, and denies that it violated the TCPA.

    1.5. On April 11, 2022, Mr. Newton filed a class action complaint against Defendant, styled *Robert Newton, on behalf of himself and others similarly situated, v. Citibank, N.A.*, Case No. 1:22-cv-89 (E.D. Tenn.) (the Newton Lawsuit), through which Mr. Newton alleged violations of the TCPA on behalf of himself and a proposed class. It is the intention of the parties that Mr. Newton be named as an additional class representative for the Settlement Class (as defined below), for settlement purposes only. As part of this settlement, Mr. Newton previously dismissed the Newton Lawsuit without prejudice. Mr. Newton's claims will be dismissed with prejudice through the Final Order and Judgment (as defined below).

    1.6. Defendant denies the allegations of wrongdoing included in the Newton Lawsuit, and denies that it violated the TCPA.

    1.7. Plaintiffs and Defendant now intend to settle and finally resolve all claims Plaintiffs assert through the Head Lawsuit and Newton Lawsuit.

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

1.8.   Aware of the substantial expense, delay, burdens, and inherent risk associated with litigation, Plaintiffs and their counsel recognize that in light of the recovery that results from the settlement memorialized by this Agreement, continued litigation is not in the best interest of members of the settlement class that is the subject of this Agreement.

1.9.   Also aware of the substantial expense, delay, burdens, and inherent risk associated with the Head and Newton Lawsuits, Defendant has entered into the settlement memorialized by this Agreement.

1.10.   Plaintiffs and their counsel believe that the settlement memorialized by this Agreement is fair, adequate, and reasonable.

1.11.   The parties reached the settlement memorialized by this Agreement as a result of mediation conducted with Hon. Steven M. Gold (Ret.), of JAMS.

1.12.   Plaintiffs and Defendant agree to undertake all steps necessary to secure the Court's approval of the settlement memorialized by this Agreement.

1.13.   This Agreement is not to be construed as an admission or concession by Plaintiffs that there is any infirmity in the claims they assert or asserted through the Head Lawsuit and Newton Lawsuit.

1.14.   This Agreement is not to be construed as an admission or concession by Defendant regarding liability or wrongdoing, and Defendant denies any liability, denies that it violated the TCPA, and denies any other wrongdoing.

## 2. Definitions:

2.1.   "Approved Claim Form" means a claim form that a Settlement Class Member timely submits, and that the Claims Administrator approves for payment.

2.2.   "Claims Administrator," subject to the Court's approval, means Verita Global ("Verita"), formerly known as KCC Class Action Services, LLC.

2.3.   "Claim Form" means the form that Settlement Class Members must submit to obtain a monetary recovery in connection with this Agreement.

2.4.   "Claim ID" means the unique numeric identifier assigned to each Claim Form by the Claims Administrator.

2.5.   "Class Counsel" means Greenwald Davidson Radbil PLLC and Meyer Wilson Co., LPA.

2.6.   "Class Notice" means the notice that the Court approves in a form substantially similar to Exhibit 1 to this Agreement, which includes a postcard notice with detachable claim

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

form to be disseminated to potential Settlement Class Members, and a question-and-answer long form notice to appear on the dedicated settlement website.

2.7.    "Fairness Hearing" means the hearing that the Court conducts under Federal Rule of Civil Procedure 23 to consider the fairness, adequacy, and reasonableness of the settlement memorialized by this Agreement.

2.8.    "Finality Date" means the date after which the Court enters a final order and judgment and the time to appeal the final order and judgment expires without appeal, or any appeal is dismissed, or the final order and judgment is affirmed and not subject to review by any court.

2.9.    "Final Order and Judgment" means the final order and judgment that the Court enters granting final approval to the settlement. The parties will submit a proposed order for the Court's consideration in a form substantially similar to Exhibit 3 to this Agreement.

2.10.   "Order Preliminarily Approving the Settlement" means the order preliminarily approving the settlement memorialized by this Agreement and authorizing the dissemination of class notice. The parties will submit a proposed order for the Court's consideration in a form substantially similar to Exhibit 2 of this Agreement.

2.11.   "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

2.12.   "Released Parties" are defined in Section 14.1.

2.13.   "Released Claims" are defined in Section 14.1.

2.14    "Releasors" means Plaintiffs and every Settlement Class Member who does not timely and validly opt out of the Settlement Class.

2.15    "Settlement" means the settlement memorialized by this Agreement.

2.16    "Settlement Class" means the class that the Court certifies for settlement purposes, the definition of which the parties propose as:

All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024.

2.17    "Settlement Class Members" means all members of the Settlement Class who do not timely and validly opt out of the Settlement Class.

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

**3. Jurisdiction:**

3.1. The parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, expenses, and incentive awards, and to supervise the administration and distribution of proceeds associated with the Settlement.

**4. Certification:**

4.1. Plaintiffs and Defendant agree to certification of the Settlement Class for settlement purposes only.

4.2 Within 30 days of the execution of this Agreement, Defendant will produce directly to Verita, in a manner and format to be mutually agreed upon by the Parties and Verita: (1) all cellular telephone numbers in Citibank's Contact Utilities Database to which Citibank attempted to deliver a prerecorded message in connection with a past-due credit card account during the settlement class period that reflect a change of phone indicator code to "B" or "N" between January 29, 2022 and July 31, 2024. Verita will then perform reverse look ups on these telephone numbers to identify associated names and address, and the date ranges for those associations. Citibank will then remove known customers, accountholders or authorized users from the names provided by Verita, in consultation with Plaintiffs.

In addition, to the extent Citibank is able to remove known present or former customers, accountholders or authorized users from the list of persons to receive class notice previously provided to Verita for the time period prior to January 29, 2022, it may do so in consultation with Plaintiffs.

Plaintiffs will be entitled to reasonable confirmatory discovery regarding this process and how it was performed.

4.3 Defendant believes that there are substantially fewer Settlement Class Members than those potential settlement class members to whom direct mail notice will be provided.

**5. Preliminary Approval:**

5.1. Plaintiffs will file an unopposed motion to preliminarily approve the Settlement.

5.2. Through their motion to preliminarily approve the Settlement, Plaintiffs will request that:

The Court preliminarily certify the Settlement Class for settlement purposes only, appoint Plaintiffs as the representatives for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

The Court preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

The Court approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

The Court set the date and time for the Fairness Hearing; and

The Court set the deadline for Settlement Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

5.3.    Neither Plaintiffs nor Defendant will take any action inconsistent with Plaintiffs' motion to preliminarily approve the Settlement.

## 6.  Class Action Fairness Act Notice:

6.1.    Defendant will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten days after Plaintiffs file their unopposed motion to preliminarily approve the Settlement.

6.2.    Defendant will provide Class Counsel with a copy of the CAFA notice no later than two days after it is served.

6.3.    Defendant will also file with the Court, at least thirty days prior to the Fairness Hearing, a notice attesting to its compliance with CAFA.

## 7.  Notice to Members of the Settlement Class:

7.1.    The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

7.2.    The Claims Administrator's responsibilities will include, but will not be limited to:

Performing reverse look ups on potentially relevant telephone numbers, as set forth in 4.2;
Sending direct mail notice by postcard, with a detachable Claim Form, to potential Settlement Class Members, where possible;

Issuing publication notice, in consultation with the parties;

Establishing both a dedicated website through which Settlement Class Members can submit claims and a toll-free telephone number for informational purposes;

Fielding inquiries about the Settlement;

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Reviewing and processing Claim Forms and calculating the payments set forth in this Agreement;

Acting as a liaison between Settlement Class Members, Class Counsel, and counsel for Defendant;

Approving valid Claim Forms, and rejecting Claim Forms where it appears the claimant is not an eligible Settlement Class Member and/or where there is evidence of fraud;

Directing the issuance of settlement payments to Settlement Class Members; and

Performing any other tasks reasonably required of it.

7.3.    The addresses of potential Settlement Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

The Claims Administrator may conduct a reasonable search to locate an updated address for any potential Settlement Class Member whose notice is returned as undeliverable;

The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

The Claims Administrator will update addresses based on any requests received from Settlement Class Members.

7.4.    The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5.    Not later than thirty days following the Preliminary Approval Date, the Claims Administrator will mail the Class Notice and a Claim Form to potential Settlement Class Members, where possible;

7.6.    The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential Settlement Class Members must include a notation requesting address correction.

7.7.    If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

7.8.    Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the non-reversionary Settlement Fund is established and funded.

7.9.    Defendant will be entitled to an offset for any payments it makes to the Claims Administrator prior to the date on which the non-reversionary Settlement Fund is established and funded, from the non-reversionary Settlement Fund once it is established and funded.

7.10    The parties will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for preliminary approval with the Court, with the exception of the Claims Administrator. The parties may make statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel will not be prohibited from communicating with any Settlement Class Member regarding the Settlement. The parties will not make any statements to the press impugning or disparaging any other party.

7.11    The Notices provided under or as part of the Notice Program will not bear or include the Citibank logo or trademarks (except for the abbreviation "Citibank"), the return address of Citibank, or otherwise be styled so as to appear to originate from Citibank.

**8.  Publication of Class Notice:**

8.1.    Not later than thirty days following the Preliminary Approval Date, the Claims Administrator will arrange for publication of the Class Notice on the settlement website and in any additional manner agreed to by the parties in consultation with the Claims Administrator.

**9.  Settlement Website:**

9.1.    Not later than thirty days following the Preliminary Approval Date, the Claims Administrator will build and maintain a dedicated website that includes downloadable information and a Claim Form.

9.2.    At a minimum, the downloadable information and documents must include, when available, this Agreement, the long form question-and-answer Class Notice, a Claim Form, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, the operative complaints in the Head and Newton Lawsuits, Defendant's answers and affirmative defenses to the operative complaints in the Head and Newton Lawsuits, the Motion for Final Approval of the Settlement, the Final Order and Judgment, and any changes to the date of the Fairness Hearing.

9.3    The Settlement Website domain will be www.HeadTCPAsettlement.com.

**10. Final Approval:**

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

10.1.    At least fourteen (14) days prior to the Fairness Hearing, the Class Administrator shall file a sworn declaration attesting to dissemination of the postcard Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, and attach copies of the objections and opt outs.

10.2.    At least thirty (30) days prior to the Fairness Hearing, Plaintiffs will file a motion to finally approve the Settlement.

10.3.    Neither Plaintiffs nor Defendant will take any action inconsistent with Plaintiffs' motion to finally approve the Settlement.

**11. Consideration:**

11.1.    Defendant will create a non-reversionary common fund in the amount of $29,500,000.00 to compensate members of the Settlement Class ("Settlement Fund"). The Settlement Fund will be held in escrow at Huntington Bank as described in paragraph 11.2.

    11.1.1    In consultation with the Claims Administrator, Defendant will fund the Settlement Fund within twenty-eight days of the Court's issuance of the Order Preliminarily Approving the Settlement.

11.2.    The Claims Administrator will place the Settlement Fund at Huntington Bank in an Intrafi Cash Service (ICS) account, which is 100% backed by the FDIC (the "Account"), created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Department Regulations ("Treasury Regulations") promulgated under Section 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). Defendant shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Claims Administrator will be designated as the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Claims Administrator shall provide any statements or make any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations. The parties agree to the tax treatment of the QSF as set forth herein in Section 21.

11.3    Paid from the Settlement Fund will be:

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Compensation to Settlement Class Members who timely submit a valid Claim Form;

All reasonable costs, fees and any other charges invoiced by the Claims Administrator, including the cost of notice to potential Settlement Class Members, the cost of any publication notice, and claims administration for the Settlement Class;

Litigation costs and expenses not to exceed $60,000.00, for which Class Counsel will petition the Court;

Reasonable attorneys' fees, calculated as a percentage of the Settlement Fund, for which Class Counsel will petition the Court;

Incentive awards to Plaintiffs, for which Plaintiffs will petition the Court.

11.4. Each Settlement Class Member who submits a valid, Approved Claim Form, either online no later than 75 days after the dissemination of notice, or by U.S. Mail with a postmark of no later than 75 days after the dissemination of notice, will be entitled to a *pro rata* share of the non-reversionary Settlement Fund, subject to the limitations in Section 11.7 below, after deducting:

Costs and expenses of administering the Settlement;

Class Counsel's attorneys' fees awarded by the Court;

Class Counsel's costs and expenses awarded by the Court; and

The service awards to Ms. Head and Mr. Newton approved by the Court.

11.5. Settlement payments will be available to Settlement Class Members on a claims-made basis from the non-reversionary Settlement Fund. To obtain a settlement payment, the Settlement Class Member must submit a valid and timely Claim Form, which must include: (i) the Settlement Class Member's full name, and mailing address; (ii) the Claim ID number; (iii) the cellular telephone number at which Defendant allegedly placed a call with an artificial or prerecorded voice to the Settlement Class Member and an affirmation that the Settlement Class Member is not and never was a Citibank customer, accountholder, or authorized user; (iv) an affirmation that the Settlement Class Member owned or used the cellular telephone number at all times related to the identified calls; (v) for mailed Claim Forms, the Settlement Class Member's signature and an affirmation that all information contained in the Claim Form is true and accurate; and (vi) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and an affirmation that all information contained in the Claim Form is true and accurate. For Claim Forms submitted without a Claim ID, the Settlement Class Member must submit the cellular telephone number

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

that he or she was allegedly called at by Defendant and that number must match a cell phone number found on the applicable list of telephone numbers. Claim Forms must be submitted by mail to the Claims Administrator or via the Settlement Website. There will be no obligation to honor any Claim Forms submitted or postmarked after the end of the Claim Period, even if such Claim Form otherwise would be valid.

11.6    A Settlement Class Member may submit only one claim, regardless of how many times Defendant called the Settlement Class Member, subject to Section 11.7.

11.7.    Payments to Settlement Class Members If *Pro Rata* Distributions Would Exceed $2,500. If and only if *pro rata* payments pursuant to Section 11.4 would exceed $2,500 for each participating Settlement Class Member, participating Settlement Class Members would be limited to a recovery of $2,500 unless they provide documentary evidence in the form of, for example, telephone records from their wireless carrier, screen shots from their cellular telephones, or other documentary evidence demonstrating that they received more than five prerecorded messages from Defendant during the Settlement Class period. In such circumstances, and subject to Defendants' right to check and challenge such claims, participating Settlement Class Members who provide documentary evidence demonstrating that they received more than five prerecorded messages from Defendant would receive additional compensation in the form of an additional *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each. Should Section 11.7 be triggered, the Claims Administrator will send written communications to all participating Settlement Class Members after the expiration of the Claims Period to advise of the opportunity to submit documentation demonstrating that they received more than five calls from Defendant. Participating Settlement Class Members would then have 45 days to provide such documentation to the Claims Administrator. The Claims Administrator will then determine how many Settlement Class Members provided documentation demonstrating receipt of more than five calls from Defendant during the Class Period and advise the parties.  Defendant will then have 45 days to check and challenge such claims. Those participating Settlement Class Members who provided documentation demonstrating receipt of more than five calls from Defendant and confirmed by Defendant will receive additional compensation in the form of a *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each. Nothing herein is intended to delay Plaintiffs' request for, and the Court's entry of, Final Order and Judgment.

11.8    Each settlement check issued to a Settlement Class Member will be negotiable for 120 days after it is issued.

11.9    Any funds not ultimately paid out will be paid out as a *cy pres* award to Consumer Federation of America, subject to the Court's approval.

**12. Opt-Outs:**

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

12.1.　Any Settlement Class Member who wishes to exclude himself or herself from the Settlement must mail a written request for exclusion to the Class Administrator, postmarked no more than 75 days after the dissemination of the Class Notice.

12.2.　Through his or her request for exclusion, and subject to the Court's approval, a member of the Settlement Class must include his or her:

　　　　Full name;

　　　　Address;

　　　　Cellular telephone number called by Defendant;

　　　　Claim ID number;

　　　　A statement that he or she wishes to be excluded from the Settlement; and

　　　　Signature.

12.3.　Any Settlement Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of the Settlement.

12.4.　The Claims Administrator shall file a list of the names of each Settlement Class Member who submitted a valid and timely request for exclusion, along with copies of the opt out requests, at least 14 days before the Fairness Hearing.

12.5.　Settlement Class Members may opt out on an individual basis only.

12.6.　"Mass" or "class" opt-outs submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members are not allowed.

12.7　Settlement Class Members who opt out may not also object to the Settlement.

## 13. Objections:

13.1.　Any Settlement Class Member who wishes to object to the Settlement must file a written notice of objection with the Court, postmarked no more than 75 days after the dissemination of the Class Notice.

13.2.　Through his or her notice of objection, and subject to the Court's approval, a Settlement Class Member must include his or her:

　　　　Full name;

　　　　Address;

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Cellular telephone number called by Defendant in connection with which Defendant used an artificial or prerecorded voice to demonstrate that the objector is a member of the Settlement Class;

Claim ID number;

Statement that the objector is not, and never was, a Citibank customer or accountholder, nor an authorized user on another person's Citibank account, to demonstrate that the objector is a member of the Settlement Class;

A statement of the objection;

A description of the facts and/or legal arguments underlying the objection;

A statement noting whether the objector intends to appear at the Fairness Hearing and an identification of objector's attorney, if any; and

A signature by the Settlement Class Member.

13.4    Settlement Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.5.    If a Settlement Class Member submits both an objection and an exclusion request, he or she will be considered to have submitted an exclusion (and not an objection).

**14. Release:**

14.1.    Upon entry of the Final Approval Order, Plaintiffs and all Settlement Class Members, on behalf of themselves and their respective, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns (together, the "Releasors") will be deemed to have fully released and forever discharged Citibank, N.A., and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, successors, retail partners, and/or predecessors in interest and all of the respective officers, directors, employees, attorneys, shareholders, and assigns of the aforementioned (together, the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, actual and statutory damages, punitive damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of the use by Citibank, N.A. of an artificial or prerecorded voice (to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law), from August 15, 2014 through July 31, 2024, in connection with the calls at issue in this matter, including, but not limited to, claims under or for violation of the

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq.</u>, and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of an artificial or prerecorded voice in connection with outbound calls (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws, which are set forth below:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. Cal. Civ. Code § 1542.

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR. S.D.C.L. § 20-7-11.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter learn facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

14.2    Upon the Court's entry of the Final Order and Judgment, Plaintiffs and Releasors will release and forever discharge the Released Parties from the Released Claims.

14.3    Plaintiffs and Releasors agree and covenant, and each Releasor will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the

13

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Released Claims, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## 15. Exclusive Remedy:

15.1.   The relief included in this Agreement is the exclusive remedy for the Released Claims.

## 16. Attorneys' Fees, Costs, Expenses, and Incentive Awards:

16.1.   Within 30 days after dissemination of the Class Notice and Claim Forms to potential Settlement Class Members by the Claims Administrator pursuant to Section 7.5 above, Class Counsel will submit to the Court a request for attorneys' fees to be paid from the Settlement Fund, not to exceed one-third of the Settlement Fund. Defendant may elect to oppose or to take no position with respect to Class Counsel's request.

16.2.   Along with the foregoing fee petition, Class Counsel may submit to the Court a request for reimbursement of reasonable litigation costs and expenses not to exceed $60,000.00 to be paid from the Settlement Fund. Defendant may elect to oppose or to take no position with respect to Class Counsel's request.

16.3.   Along with the foregoing fee petition, Ms. Head will submit to the Court a request for an incentive award not to exceed $15,000.00 to be paid from the Settlement Fund.

16.4.   Along with the foregoing fee petition, Mr. Newton will submit to the Court a request for an incentive award not to exceed $10,000.00 to be paid from the Settlement Fund.

16.5    The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiffs' requests for incentive awards, will not affect the finality of the Settlement.

16.6.   In the event that the Court declines Class Counsel's request for attorneys' fees, costs, and expenses, or Plaintiffs' requests for incentive awards, or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the parties.

## 17. No Admission of Liability:

17.1.   This Agreement does not constitute an admission by Defendant that Plaintiffs' claims or allegations are true or correct, or that Defendant has violated the TCPA or engaged in any wrongful conduct.

## 18. Representations and Warranty:

18.1.   Class Counsel believes that the Settlement is in the best interests of the Settlement Class Members.

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

18.2.   Plaintiffs warrant that on the date this Agreement is executed, they own the claims that they assert in connection with their respective Lawsuits, and that they have not assigned, pledged, sold or otherwise transferred their claims (or an interest in such claims), and that on the Finality Date they will own their claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses.

## 19. **Appeals:**

19.1.   If a Settlement Class Member appeals the Final Order and Judgment, Plaintiffs and Defendant agree to support the Settlement on appeal.

19.2.   Nothing contained in this Agreement is intended to preclude Plaintiffs, Defendant, or Class Counsel, from appealing any order inconsistent with this Agreement.

## 20. **Distribution of the Settlement Fund:**

20.1.   Within forty-five days of the Finality Date, the Claims Administrator will mail a settlement check (or otherwise provide electronic payment) to each Settlement Class Member who submitted a valid, Approved Claim Form.

20.2.   Within five days of the Finality Date, the Claims Administrator will pay to Plaintiffs from the Settlement Fund the respective incentive awards approved by the Court.

20.3.   Within five days of the Finality Date, the Claims Administrator will pay to Class Counsel from the Settlement Fund the attorneys' fees, costs, and expenses approved by the Court.

20.4.    If any money remains in the non-reversionary Settlement Fund after the pro rata payments set forth in Sections 11.4 and 11.7 above and the date that all initial settlement payments are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash within 120 days), and if the amount that remains is sufficient to issue second checks of at least $25.00 to each Settlement Class Member who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement check, calculated on a *pro rata* basis considering the remaining amount of the non-reversionary Settlement Fund, to each Settlement Class Member who cashed an initial settlement check.

20.5.   If any money remains in the non-reversionary Settlement Fund after the date that all settlement payments are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash within 120 days), this amount will be paid as a *cy pres* award to Consumer Federation of America, subject to the Court's approval.

## 21. **Taxes:**

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

21.1.    Plaintiffs and Defendant agree that the account into which the non-reversionary Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make elections as necessary or advisable to carry out required duties including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations promulgated under the Code. It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2.    For the purpose of Section 468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the non-reversionary Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary Settlement Fund (including, without limitation, tax returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary Settlement Fund are to be paid out of the non-reversionary Settlement Fund.

21.3.    All taxes arising in connection with income earned by the non-reversionary Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the non-reversionary Settlement Fund for any period during which the non-reversionary Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes will be paid by the Claims Administrator from the non-reversionary Settlement Fund.

21.4.    Any person or entity that receives a distribution from the non-reversionary Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the non-reversionary Settlement Fund.

**22. Stay:**

22.1.    Plaintiffs and Defendant stipulate that all proceedings in connection with the Head Lawsuit will be stayed until the Court issues its decision regarding final approval of the Settlement. The Newton Lawsuit has been dismissed without prejudice.

22.2.    The stipulated stay of proceedings will not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

**23. Dispute Resolution:**

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

23.1.   Any dispute between the Parties relating to the interpretation or application of any provision of the Settlement will be discussed between Class Counsel and counsel for the Defendant in the first instance in an effort to resolve the matter.  If they reach an impasse, the matter shall be presented to the Court in the Head Lawsuit or its designee.

24.   **Uncashed Checks:**

24.1.   In the event a Settlement Class Member does not cash his, her or its check after a period of 120 days from issuance, the check will be declared "void."  The voidance shall not impact in any way the Release provided by that Settlement Class Member to the Released Parties.  The funds associated with that check may be used to make other payments under the Settlement, including to other Settlement Class Members or cy pres, and the Claims Administrator will take sufficient steps to cancel the check.

25.   **Federal Rule of Evidence 408:**

25.1.   The Parties specifically acknowledge and agree that this Settlement, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Federal Rule of Evidence Rule 408, and any equivalent rule of evidence or procedure of any state, and shall not (i) constitute, be construed, be offered, or be received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Head and Newton Lawsuits, or in any other pending or subsequently filed action, arbitration or other proceeding, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

25.2.   The Parties agree that this Settlement, any orders, pleadings, or other documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against the Defendant as evidence of any obligation that any party hereto has or may have to anyone, except with regard to the obligations and rights under the Settlement.

25.3.   The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof of thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after a hearing upon application of a Party hereto, (iii) in order to establish payment, prior payment for a claimed loss, set-off, counterclaim or an affirmative defense in a subsequent case, including *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim,

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

(iv) in connection with any motion to dismiss, enjoin or stay a Released Claim, or (v) to obtain Court approval of the Settlement.

**26. Miscellaneous Provisions:**

26.1.  This Agreement is the entire agreement between Plaintiffs and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

26.2.  Neither Plaintiffs nor Defendant may modify this Agreement, except by a writing that Plaintiffs and Defendant execute and that the Court approves.

26.3.  All notices required by this Agreement, between Plaintiffs, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, Florida 33431
> mgreenwald@gdrlawfirm.com
>
> Matthew R. Wilson
> Meyer Wilson Co., LPA
> 305 W. Nationwide Blvd.
> Columbus, Ohio 43215
> mwilson@meyerwilson.com
>
> (*counsel for Plaintiffs and the Settlement Class*)
>
> Daniel JT McKenna
> Ballard Spahr
> 1735 Market Street
> 51st Floor
> Philadelphia, Pennsylvania 19103
> mckennad@ballardspahr.com
>
> (*counsel for Defendant*)

26.4.  Section headings in this Agreement are for convenience and reference only, and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

26.5.  Plaintiffs and Defendant will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement and to obtain preliminary and final approval by the Court.

26.6.  Plaintiffs and Defendant drafted this Agreement equally, and it should not be construed in favor of or against either Plaintiffs or Defendant.

26.7.  This Agreement binds successors and assigns of the parties and Settlement Class Members.

26.8.  Plaintiffs, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.  Each of the undersigned signatories represents that he or she is fully authorized to execute this Agreement.

26.9.  All Settlement Class Members should monitor the Court's docket for the most current filings and information.  The Court, in its discretion, may alter, postpone or amend any deadlines or hearing dates scheduled by the Court in connection with the approval of this Settlement without additional formal notice.  Orders concerning any such changes shall be timely posted on the Settlement Website.

26.10.  Settlement Class Members (or their counsel, if any) who submit false or intentionally misleading Claim Forms, through any form of deception, dishonesty or fraud, may be subject to appropriate sanctions (including monetary sanctions and costs) as determined by the Court.

26.11.  Settlement Class Members should consult their personal tax advisor for assistance regarding any tax ramifications of this Settlement.  Settlement Class Counsel, the Defendant, and Defendant's Counsel are not providing any opinion, representation or advice as to the tax consequences or liabilities of Settlement Class Members as a result of any payments or benefits under this Settlement. Nothing in this Agreement should be relied upon by any Settlement Class Member as the provision of tax advice. Settlement Class Members shall hold the Defendant and its Counsel harmless from any federal, state, or foreign tax assessments, interest, and/or penalties that result for any amounts paid or benefits provided under this Agreement, and the Defendant shall not be liable for the payment of any additional amounts now or in the future for any amount related to a Settlement Class Members' tax consequences.

## 27. Termination:

27.1.  Either party has the right to unilaterally terminate this Agreement by providing written notice to the other party within ten days of any of the following occurrences:

The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

A higher court reverses the Final Approval Order, and this Agreement is not reinstated by the Court on remand without material change or change agreed to by the parties; or

The Finality Date does not occur.

27.2.    Within ten days of the Court-ordered deadline for exclusions, Defendant will have the right to void the Settlement if the number of valid opt-outs meets or exceeds 2,500.

27.3.    If this Agreement is not preliminarily or finally approved by the Court, or if the Order granting final approval of the Settlement is not approved, or if any aspect of this Settlement or related preliminary or final approval orders is reversed on appeal or if either Plaintiffs or Defendant terminate this Agreement as provided herein, the Agreement will be of no force and effect and the parties' rights and defenses will be restored to the status quo ante before the Settlement, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to Defendant.

## 28. Survival:

28.1.    The Settlement will be unaffected by any subsequent change in law regarding the TCPA, its interpretation, and its application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, courts, or otherwise.

## 29. Dismissal:

29.1.    The Final Order and Judgment submitted to the Court will include a provision dismissing this Lawsuit with prejudice.

## 30. Signatures:

30.1.    Signatures appear on the following page.

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Christine Head                                          Date

_____          _____

Robert Newton                                          Date

_____          _____

Michael L. Greenwald
Class Counsel                                          Date

_____          _____

Matthew R. Wilson
Class Counsel                                          Date

_____          _____

Katherine Luft
Citibank, N.A.                                         Date

_____          _____

Daniel JT McKenna
Counsel for Citibank, N.A.                             Date

                                                       July 29, 2024

_____          _____

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Christine Head                                              Date

_____                      _____

Robert Newton                                              Date

_____                      _____

Michael L. Greenwald                                   Date
Class Counsel

_____                      _____

Matthew R. Wilson                                       Date
Class Counsel

_____                      _____

Katherine Luft                                               Date
Citibank, N.A.

_____                      _7/30/24_____

Daniel JT McKenna                                       Date
Counsel for Citibank, N.A.

_____                      _____

21

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Christine Head

_____

Date

7/26/2024 | 5:15 PM EDT

_____


Robert Newton

_____

Date

_____


Michael L. Greenwald
Class Counsel

_____

Date

_____


Matthew R. Wilson
Class Counsel

_____

Date

_____


Citibank, N.A.

_____

Date

_____


Daniel JT McKenna
Counsel for Citibank, N.A.

_____

Date

_____

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Christine Head                                                  Date

_____                    _____

Robert Newton                                                  Date

Robert Newton (Jul 27, 2024 10:34 EDT)                    27/07/24
_____                    _____

Michael L. Greenwald                                       Date
Class Counsel

Michael Greenwald (Jul 26, 2024 16:49 EDT)                26/07/24
_____                    _____

Matthew R. Wilson                                            Date
Class Counsel

_____                    _____

Citibank, N.A.                                                  Date

_____                    _____

Daniel JT McKenna                                            Date
Counsel for Citibank, N.A.

_____                    _____

21

*Class Action Settlement Agreement – Head v. Citibank, N.A.*

Christine Head                                    Date

_____        _____

Robert Newton                                     Date

_____        _____

Michael L. Greenwald                            Date
Class Counsel

_____        _____

Matthew R. Wilson                                Date
Class Counsel

_____        7/26/24
                                                 _____

Citibank, N.A.                                    Date

_____        _____

Daniel JT McKenna                               Date
Counsel for Citibank, N.A.

_____        _____

21

# EXHIBIT 1

**What is this lawsuit about?** Christine Head and Robert Newton filed class action lawsuits against Citibank, N.A. ("Citibank"), alleging that Citibank violated the Telephone Consumer Protection Act ("TCPA") by placing prerecorded calls concerning past-due credit card accounts to cellular telephone numbers assigned to persons who are not, and never were, Citibank accountholders, customers, or authorized users. Citibank denies the allegations, and denies it violated the TCPA. The Court has not decided who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because you have been identified as a <u>potential</u> member of the following settlement class: "All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024." Receiving this notice does not necessarily mean that you are a class member or that you are entitled to compensation. Only persons satisfying the foregoing class definition are class members.

**What does the settlement provide?** Citibank will establish a settlement fund of $29.5 million. The settlement fund will be used to pay: (1) settlement compensation to eligible, participating settlement class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel in litigating the claims in this matter not to exceed $60,000, subject to the Court's approval; (4) costs of notice and administration not to exceed $975,000; and (5) a service award to Ms. Head not to exceed $15,000 and a service award to Mr. Newton not to exceed $10,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $350 and $850, depending on the number of settlement class members who participate.

**What are your legal rights and options?** If you are a member of the settlement class, you have four options. First, you may complete and return the claim form found on the back side of this postcard, or submit a claim online at www.HeadTCPA settlement.com before the claim deadline of _____, 2024 in which case you will receive a proportionate share of the settlement fund after deducting attorneys' fees, costs, and expenses, and will release certain claims you may have against Citibank. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain claims you may have against Citibank. Third, you may exclude yourself from the settlement, in which case you will not receive a share of the settlement fund, and will not release any claims you may have against Citibank. Or fourth, you may object to the settlement or the requests for attorneys' fees by class counsel and requests for service awards by the plaintiffs. To obtain additional information about your legal rights and options, or to access the full class notice, settlement agreement, motion for approval, motion for attorneys' fees, and other important documents, visit www.HeadTCPAsettlement.com, or contact the settlement administrator by writing to *Head v. Citibank, N.A,* Settlement Administrator, [address], [city], [state] [zip code], or by calling [telephone number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2024, at [time]. The hearing will take place in the United States District Court for the District of Arizona, located at 401 West Washington Street, Phoenix, AZ 85003. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will also hear objections to the settlement, if any.

**Front Inside**

---

**Front Outside**

**This is a notice of a settlement of a class action lawsuit.**

**This is <u>not</u> a notice of a lawsuit against you.**

If you are a person to whose cellular telephone number Citibank, N.A. placed a call concerning a past-due credit card, in connection with which it used an artificial or prerecorded voice, between August 15, 2014 and July 31, 2024, and you are not and never were a Citibank customer, accountholder, or authorized user, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Christine Head v. Citibank, N.A.*, Case No. 3:18-cv-08189-ROS (D. Arizona)

**A federal court authorized this notice.**

**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to potentially participate in a class action settlement.**

**Head v. Citibank, N.A.**
c/o Verita Global
[address]
[city], [state] [zip]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

*Head v. Citibank, N.A.*
Case No. 3:18-cv-08189-ROS (D. Arizona)

<u>SETTLEMENT CLAIM FORM</u>

**[admin] ID: «[Admin] ID»**                    **Name/Address Changes:**
**«First Name» «Last Name»**
**«Address1»**
**«City», «State» «Zip»**

    I affirm that I received one or more prerecorded or artificial voice calls from Citibank, N.A. ("Citibank") to my cellular telephone between August 15, 2014 and July 31, 2024 concerning a past-due credit card account. I am not a current or former Citibank customer or accountholder, nor am I a current or former authorized user on a Citibank account. I did not provide consent or permission for these calls. I wish to participate in this settlement.

**Bottom Inside**

**Signature:** _____    **Cellular telephone number at which I received the call(s):**

**Date of signature:** _____

    **To receive a payment you must enter all requested information above, and sign and mail this settlement claim form, postmarked on or before [month] [day], 2024.**

    **You may also submit a claim electronically at www.HeadTCPAsettlement.com.**

    **To exclude yourself from the class action settlement you must mail a written request for exclusion to the claims administrator, postmarked on or before [month] [day], 2024. Your request must include the information required by the Court's [month] [day], 2024 order.**

    **IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the address on the backside of this form.**

Postage

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Bottom Outside**

**Head v. Citibank, N.A. Claims Administrator**
**[address]**
**[city], [state] [zip code]**

# WEBSITE Q & A NOTICE

**This is a notice of a settlement of a class action lawsuit.**

**This is <u>not</u> a notice of a lawsuit against you.**

**You are <u>not</u> being sued.**

If you received a call with an artificial or prerecorded voice from Citibank, N.A. ("Citibank") on your cellular telephone between August 15, 2014 and July 31, 2024 concerning a past-due credit card account, and you are not a current or former Citibank cardholder, customer, or authorized user, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Christine Head v. Citibank, N.A.*, Case No. 3:18-cv-08189-ROS (D. Arizona)

Receiving notice of this class action, however, does <u>not</u> necessarily mean that you are a class member or that you are entitled to compensation. Only persons who fit within the definition of the Settlement Class can receive money from the Settlement Fund.

**A federal court authorized this notice.**

**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**

**It explains your rights and options to potentially participate in the class action settlement if you are a member of the Settlement Class.**

- Citibank will create a $29.5 million fund to fully settle and release claims of persons to whom Citibank placed a call in connection with a past-due credit card account, directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank cardholder, customer, or authorized user, in connection with which Citibank used an artificial or prerecorded voice, between August 15, 2014 and July 31, 2024.

- The settlement fund will be used to pay settlement awards to Settlement Class Members who elect to participate, after deducting the costs of settlement notice and administration, attorneys' fees, litigation costs and expenses, and incentive awards to Christine Head and Robert Newton, the consumers who initiated class actions against Citibank.

- If you are a Settlement Class Member, your legal rights are affected, and you now have a choice to make:

1

| SUBMIT A TIMELY CLAIM FORM: | If you submit a valid claim form by [date], you will receive a share of the Settlement Fund after attorneys' fees, costs, and expenses are deducted, and you will release certain claims you may have against Citibank. It is expected that each approved claimant will receive between $350 and $850, depending on the number who submit timely, valid claims. |
|---|---|
| DO NOTHING: | If you do nothing, you will not receive a share of the settlement fund, and if you are a Settlement Class Member you will release claims you may have against Citibank. |
| EXCLUDE YOURSELF: | If you are a Settlement Class Member and you exclude yourself from the settlement, you will not receive a share of the Settlement Fund, and you will not release any claims you may have against Citibank. The deadline to exclude yourself is [date]. |
| OBJECT: | If you are a Settlement Class Member and you want to object to the settlement, you can write to the Court about why you do not like the settlement. The deadline to object is [date]. |

### Why is this notice available?

This is a notice of a settlement. The settlement would resolve the class action lawsuits Ms. Head and Mr. Newton filed against Citibank. Please read this notice carefully. It explains the class action lawsuits, the settlement, and legal rights you may have, including the process for receiving a settlement payment if you are a Settlement Class Member, excluding yourself from the settlement, or objecting to the settlement.

### What is the class action about?

Ms. Head and Mr. Newton filed class action lawsuits against Citibank, alleging that Citibank violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing calls to cellular telephone numbers of noncustomers, in connection with which Citibank used an artificial or prerecorded voice, absent prior express consent. More specifically, Ms. Head and Mr. Newton allege that Citibank violated the TCPA by placing calls regarding past-due credit card accounts, using an artificial or prerecorded voice, to cellular telephone numbers not assigned to current or former Citibank cardholders, customers, or authorized users, between August 15, 2014 and July 31, 2024.

The TCPA allows for damages of $500 per violation, and up to $1,500 for willful violations. However, prior express consent is a complete defense to a claim under the TCPA.

Citibank denies that it violated the TCPA, and asserts a number of defenses—including prior express consent—that could impact the amount of damages available, if any, to class members if Ms. Head and Mr. Newton were to have ultimately prevailed on their claims. No decision has been rendered by the Court on whether Citibank violated the TCPA.

You can find additional information about Ms. Head's and Mr. Newton's claims at www.HeadTCPAsettlement.com, in the [court documents section].

### Why is this a class action?

In a class action, one or more people called "class representatives" file a class action lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The court accordingly resolves claims for all class members at once, except for those who first exclude themselves from the class. The Court previously certified this matter as a class action.

You can find the Court's January 27, 2022 Order certifying the class, which is available at www.HeadTCPAsettlement.com, in the [court documents section].

### Why is there a settlement?

Ms. Head and Mr. Newton, on the one hand, and Citibank, on the other, have agreed to a settlement to avoid the substantial time, risk, burdens, and expense associated with the lawsuits, and to achieve a final resolution of the disputed claims. The proposed settlement was reached after Ms. Head, Mr. Newton, and Citibank attended mediation with retired Judge Steven Gold, an experienced mediator. Under the settlement, Settlement Class Members who submit a timely and valid claim will obtain a payment in settlement of the claims raised in the class action lawsuits. Ms. Head, Mr. Newton, and their attorneys think the settlement is fair and reasonable.

### Did the Court rule on the merits of Ms. Head's and Mr. Newton's claims?

No. The Court did not decide whether Citibank violated the TCPA. Citibank denies that it violated the TCPA.

### How do you know if your claims are included in the settlement?

The settlement resolves claims on behalf of the following Settlement Class:

All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and

with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024.

**What does the settlement provide?**

Citibank will establish a settlement fund in the amount of $29.5 million to compensate members of the Settlement Class who submit timely and valid claims. The Settlement Fund will be used to pay:

        a.      Settlement awards to participating Settlement Class Members;

        b.      Notice and administration costs not to exceed $975,000;

        c.      An award of attorneys' fees not to exceed one-third of the settlement fund ($9,833,333.33), subject to the Court's approval;

        d.      Litigation costs and expenses incurred in litigating the TCPA claims in this matter not to exceed $60,000, subject to the Court's approval;

        e.      An incentive award to Ms. Head not to exceed $15,000, subject to the Court's approval; and

        f.      An incentive award to Mr. Newton not to exceed $10,000, subject to the Court's approval,

Each member of the Settlement Class who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $29.5 million settlement fund as it exists after deducting:

        a.      Notice and administration costs;

        b.      Attorneys' fees;

        c.      Litigation costs and expenses incurred in litigating the claims in this matter; and

        d.      Incentive awards to Ms. Head and Mr. Newton.

It is estimated that each participating member of the Settlement Class will receive between $350 and $850. The actual amount each participating member of the Settlement Class will receive may be more or less depending on the number of Settlement Class Members who submit timely, valid claims.

Participating Settlement Class Members will be limited to a recovery of $2,500 unless they provide documentary evidence in the form of, for example, telephone records from their wireless carrier, screen shots from their cellular telephones, or other documentary evidence demonstrating that they received more than five prerecorded calls from Citibank. In such circumstances,

participating Settlement Class Members who provide documentary evidence demonstrating that they received more than five prerecorded calls from Citibank may receive additional compensation in the form of a *pro rata* portion of the remaining funds if participating Settlement Class Members have already received $2,500 each. Participating Settlement Class Members will be notified if settlement awards reach the maximum $2,500 threshold so that they have an opportunity to provide documentation of receipt of more than five prerecorded calls and receive an additional payment.

### How can you get a payment?

To receive a payment, you must mail a valid claim form to the *Head v. Citibank, N.A.* Claims Administrator, [address], [city], [state] [zip code] postmarked by [month] [day], 2024. Or you may submit a claim through www.HeadTCPAsettlement.com by [month] [day], 2024. The claim form is available on the settlement website. For a Claim Form to be considered valid, you must include: (1) your name and address; (2) your Claim ID number; (3) the cellular telephone number that you used or subscribed to during the Settlement Class Period; (4) your signature; and (5) an affirmation that you are not and were not a Citibank accountholder, customer, or authorized user and received a call with an artificial or prerecorded voice from Citibank on your cellular telephone between August 15, 2014 and July 31, 2024 concerning a past-due credit card account.

### When will you be paid?

If the Court grants final approval of the settlement, settlement payments will be sent to Settlement Class Members who submitted timely and valid claim forms no later than 45 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment will be delayed.

### What rights are you giving up in connection with this settlement?

If you fall within the Settlement Class, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against Citibank over the released claims. Giving up your legal claims is called a release. If you fall within the Settlement Class, unless you formally exclude yourself from the settlement, you will release certain claims you may have against Citibank.

For more information about the release, released parties, and released claims, you may obtain a copy of the class action Settlement Agreement from the settlement website, www.HeadTCPAsettlement.com, or from the clerk of the United States District Court for the District of Arizona.

### How can you exclude yourself from the settlement?

If you fall within the Settlement Class, you may exclude yourself from the settlement, in which case you will not receive a payment, you will not release any claims you may have against Citibank, and you will not be able to object to the Settlement. If you fall within the Settlement Class, and if you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by [month] [day], 2024:

*Head v. Citibank, N.A.* Claims Administrator
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Claim ID number;

      d.      Cellular telephone number called by Citibank demonstrating that you are a member of the Settlement Class;

      e.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Head v. Citibank, N.A.* action;" and

      f.      Your signature.  You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on [month] [day], 202__, at [time]. The hearing will take place in the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003-2118. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will also hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

The date of the final fairness hearing may change without further notice. Settlement Class Members should check the settlement website, www.HeadTCPAsettlement.com, or the Court's Public Access to Court Electronic Records ("PACER") site to confirm whether the date has changed.

**Do you have to attend the final fairness hearing?**

No, there is no requirement that you attend the final fairness hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the Settlement Class because the settlement no longer affects your legal rights.

**What if you want to object to the settlement or the request for attorneys' fees?**

      If you are a member of the Settlement Class, and if you do not exclude yourself from the Settlement Class, you can object to the settlement, or the request for attorneys' fees and expenses and class representative service awards. If you are a member of the Settlement Class, and if you wish to object, you must mail a written notice of objection, postmarked by ==[month] [day],== 2024, to Class Counsel, counsel for Citibank, and to the Court, at the following addresses:

| Class Counsel: | Counsel for Citibank: | The Court: |
|---|---|---|
| Michael L. Greenwald<br>Greenwald Davidson Radbil PLLC<br>5550 Glades Road<br>Suite 500<br>Boca Raton, FL 33431 | Daniel JT McKenna<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599 | United States District Court for the District of Arizona<br>Sandra Day O'Connor U.S. Courthouse, Suite 130<br>401 West Washington Street, SPC 1<br>Phoenix, AZ 85003-2118 |
| Matthew R. Wilson<br>Meyer Wilson Co., LPA<br>305 West Nationwide Blvd.<br>Columbus, OH 43215 | Matthew A. Morr<br>Ballard Spahr LLP<br>1225 17th Street, Suite 2300<br>Denver, CO 80202-5596 | |

      You must include in your objection your:

      a.    Full name;

      b.    Address;

      c.    Claim ID number;

      d.    Cellular telephone number called by Citibank to demonstrate that you are a member of the Settlement Class;

      e.    Statement that you are not a current or former Citibank customer, accountholder, or authorized user;

      f.    Statement demonstrating membership in the Settlement Class;

      g.    Identification of any documents to show that you are a member of the Settlement Class or which you desire the Court to consider;

      h.    A statement setting for the factual and/or legal basis of your objection and noting whether you intend to appear at the fairness hearing; and

      i.    Your signature.

You can ask the Court to deny approval of the settlement by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the class action lawsuit will continue.

Any objection to the proposed settlement must be in writing. If you are a member of the Settlement Class, and if you file a timely written objection, you may, but are not required to, appear at the final fairness hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### By when must you enter an appearance?

Any Settlement Class Member who objects to the settlement and wishes to enter an appearance must do so by [month] [day], 2024. To enter an appearance, you must file with the clerk of the court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and counsel for Citibank, at the addresses set forth in this notice.

### What if you do nothing?

If you are a member of the Settlement Class, you do nothing, and the Court approves the Settlement Agreement, you will not receive a share of the settlement fund, but you will release certain claims you may have against Citibank. If you fall within the Settlement Class, unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Citibank over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement, or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from the settlement and the class action lawsuit will continue.

### Who are the attorneys for the Settlement Class?

The attorneys for the Settlement Class are:

Michael L. Greenwald
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
mgreenwald@gdrlawfirm.com
aradbil@gdrlawfirm.com

Matthew R. Wilson
Michael J. Boyle, Jr.

8

Meyer Wilson Co., LPA
305 West Nationwide Blvd.
Columbus, OH 43215
mwilson@meyerwilson.com
mboyle@meyerwilson.com

The Court has appointed these attorneys to act as Class Counsel. You do not have to separately pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you must hire one at your own expense.

### Who are Citibank's attorneys?

Citibank's attorneys are:

Daniel JT McKenna
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
mckennad@ballardspahr.com

Matthew A. Morr
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
morrm@ballardspahr.com

### Before what court is this matter pending?

This lawsuit is pending in the following court:

United States District Court for the District of Arizona
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 1
Phoenix, AZ 85003-2118

### What if you believe you are a Settlement Class Member, but you did not receive a postcard notice?

Receiving this notice or a postcard notice does not necessarily mean that you are a Settlement Class Member, nor does not receiving a postcard notice necessarily mean that you are not a Settlement Class Member. To receive updates on this case, please check

www.HeadTCPAsettlement.com. You may also contact the Claims Administrator or Class Counsel identified above.

### What if you would like to update your contact information?

To update your contact information please contact the claims administrator, Verita Global, at [address], or at www.HeadTCPAsettlement.com.

### Where can you get additional information?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.HeadTCPAsettlement.com, by contacting Class Counsel, by accessing the court docket in this case, for a fee, through the Court's PACER system, or by visiting the office of the clerk of the court for the United States District Court for the District of Arizona.

Or, to obtain additional information about this matter, please contact:

*Head v. Citibank, N.A.* Claims Administrator
[address]
[city], [state] [zip code]
[Telephone number]

Please do not call the judge about this class action. Neither she, nor any court personnel, will be able to give you advice about this class action. Furthermore, because neither Citibank nor Citibank's attorneys represent you, they cannot give you legal advice about this class action.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Christine Head, *on behalf of herself*                    )
*and others similarly situated*,                              )          No.: 3:18-cv-08189-ROS
                                                                              )
                          Plaintiff,                              )
                                                                              )
                              v.                                    )
                                                                              )
Citibank, N.A.,                                              )
                                                                              )
                          Defendant.                          )
_____)

## [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter having come before the Court on Plaintiffs' unopposed motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Christine Head, individually and on behalf of the certified and Settlement Class, and additional plaintiff Robert Newton (collectively, "Plaintiffs"), and Defendant Citibank, N.A. ("Defendant"), as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the Settlement, including the proposed forms of Class Notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause having been shown, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS.

1.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3) and has personal jurisdiction over the Parties and the Settlement Class Members.

2.      Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.      The Motion is GRANTED.

1

4.       The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1).  The Court finds that it will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2) and to finally certify the Settlement Class for purposes of judgment on the Settlement.

5.       The Court further finds that Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class.  The Court further finds that the Settlement is procedurally fair, the product of arms' length, good faith negotiations by the Parties through an experienced mediator, Hon. Steven Gold (Ret.) of JAMS, and comes after more than five years of litigation and discovery and a detailed investigation.

6.       The Court preliminarily finds that the Settlement relief provided—a $29.5 million non-reversionary settlement fund—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risk, and delay of further litigation, trial and appeal, the alleged harm to Settlement Class Members, the proposed method of distributing payments to the Settlement Class, and the absence of any agreement required to be identified under Rule 23(e)(3). Defendant will fund the $29.5 million non-reversionary settlement fund within twenty-eight (28) days of the entry of this Order. Plaintiffs, in consultation with the Claims Administrator, will cause the settlement fund to be invested in FDIC-insured, interest-bearing account(s) for the benefit of Settlement Class Members.

7.       The Court hereby amends, pursuant to Fed. R. Civ. P 23(a), 23(b)(3), and 23(e), the definition of the certified class as follows:

> All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024.

8.       The Court hereby appoints Robert Newton as an additional Class Representative for the Settlement Class, in addition to Plaintiff Head.

9.      The Court re-affirms and re-designates the following attorneys as Class Counsel for the Settlement Class:

Matthew Wilson
Meyer Wilson Co., LPA
305 W. Nationwide Blvd.
Columbus, OH 43215
Telephone: (614) 384-7031

Michael L. Greenwald
Greenwald Davidson Radbill PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477

10.     The Court hereby appoints Verita Global (f/k/a KCC) ("Verita") as the Claims Administrator for the Settlement and directs Verita to carry out all the duties and responsibilities of the Claims Administrator as specified in the Settlement and herein.

**Notice Plan**

11.     Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Sections 7-9 of the Agreement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibit 1 to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object.  The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes (i) direct postcard notice, (ii) setting up a toll-free telephone number; and (iii) establishing a Settlement Website at the web address of www.HeadTCPAsettlement.com, where Settlement Class Members can view the full Agreement, the detailed long-form notice, and other key case documents. The Court further finds that the proposed form and content of the notices is adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object and whether to opt

3

out.  The Court finds that the notices clearly and concisely state in plain, easily understood language, *inter alia*: (a) the nature of the case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (e) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (f) the time and manner for submitting a claim, objecting to the Settlement, or requesting exclusion; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

12.    The Court hereby directs the Parties and the Claims Administrator to implement the Notice Plan as set forth in the Settlement.

13.    In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Citibank shall promptly provide written notice of the proposed Settlement to the appropriate authorities if it has not already done so.

14.    No later than thirty (30) days after entry of this Order granting preliminary approval to the Settlement (the "Settlement Notice Date"), the Claims Administrator shall substantially complete: (i) the identification of Settlement Class Members; (ii) Mail Notice via first class mail to Settlement Class Members.  In the event that any Notices are returned as non-deliverable, the Claim Administrator shall promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

15.    No later than the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated Settlement Website and set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

16.    No later than 14 days prior to the Final Approval Hearing, the Claims Administrator shall; (a) file with the Court a declaration stating that the Class Notice required by the Agreement has been disseminated in accordance with the terms of this Preliminary Approval Order; and (b) file with the Court a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

4

**Claims Process**

17.    Settlement Class Members shall be permitted to share in the Settlement Fund paid by Citibank only after submitting a timely and valid Claim Form to the Claims Administrator pursuant to the procedures outlined in Section 11.5 of the Agreement.

18.    For a Claim Form to be considered valid, the Settlement Class Member shall include: (1) their name and address; (2) their claim ID number; (3) the cellular telephone number that the Settlement Class Member used or subscribed to during the Settlement Class Period; (4) their signature; and (5) an affirmation that the Settlement Class Member is not and was not a Citibank accountholder, customer, or authorized user and received a call with an artificial or prerecorded voice from Citibank on their cellular telephone between August 15, 2014 and July 31, 2024 concerning a past-due credit card account.

**Opt-Out and Objection Procedures**

19.    Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of _____, which are 75 days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

20.    To submit a Request for Exclusion (or opt-out), Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, Claim ID number, cellular telephone number, provide a signature, and must state in writing that he or she wishes to be excluded from the Settlement.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

5

21.    If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, will not be entitled to any payment from the Settlement Fund, and the Agreement, Release, and Final Judgment will not bind the excluded person.

22.    All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement and subject to the release in Section 14.1 of the Settlement Agreement.

23.    To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written objection with the Court by the Objection Deadline.  In the written objection, the objecting Settlement Class Member must provide: (a) their name, address, Claim ID number, and cellular telephone phone number(s) at which they received calls regarding a past-due Citibank credit card account; (b) a statement that the objector is not, and never was, a Citibank customer or accountholder, nor an authorized user of another person's Citibank account; (c) if represented by counsel, the name, address, and telephone number of the objecting Settlement Class Member's counsel; (d) the specific factual and legal grounds for the objection; (e) a signature; and (f) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel.  Any documents that the objecting Settlement Class Member wishes the Court to consider must also be attached to the objection.  Any objection shall identify any lawyer that represents the Settlement Class Member as to objection.  No objection will be valid unless all of the information required above is included.  The right to object to this Settlement must be exercised by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.  The Parties will have the right to depose any objector as to the basis and grounds of his or her objection, and to assess the objector's membership in the Settlement Class and standing.

6

24.     Any Settlement Class Member who has filed a timely and valid objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement or the requests for attorneys' fees and the class representatives' service awards.  In addition to the foregoing, if an objecting Settlement Class Member or his/her attorney requests permission to speak at the Final Approval Hearing, the written objection filed with the Court must contain a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including any and all exhibits which the Settlement Class Member may introduce at the Final Approval Hearing.

25.     Any Settlement Class Member who fails to file a timely and valid written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action.  All members of the Settlement Class, except those members of the Settlement Class who submit timely and valid Requests for Exclusion, will be bound by the Release set forth in section 14.1 of Agreement.

**Final Approval Hearing**

26.     The Court will hold a Final Approval Hearing on _____, 202_ at __ (Mountain Standard time), in Courtroom 604 at the United States District Court for the District of Arizona at the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona, or at such other date, time and place (including by videoconference) later set by Court Order.  At the Final Approval Hearing, the Court will, among other things: (a) determine whether the Settlement should be finally approved by

7

the Court as fair, reasonable, and adequate, and in the best interests of the Settlement Class; (b) determine whether Final Judgment should be entered pursuant to the Settlement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the Settlement Class should be finally certified; (d) rule on Class Counsel's motion for attorneys' fees and expenses, and incentive awards to the Class Representatives; (e) consider any timely and properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

27.    By no later than thirty (30) days prior to the Final Approval Hearing, the Parties shall file any motions for final Settlement Approval, including any responses to any objections that are submitted.  By no later than thirty (30) days after the Settlement Notice Date, Plaintiffs and Class Counsel shall file their motion for attorneys' fees, expenses, and service awards.  Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

28.    Only the Parties and Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

29.    If the Settlement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense already incurred in connection with notice and settlement administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

30.    Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further Order of this Court.

31.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

32.     If the Settlement is terminated or final approval does not occur for any reason, the stay will be immediately terminated.  If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the status quo ante in the Action and the certification of the Settlement Class will be deemed vacated.  The previously certified litigation class will be unaffected.

33.     Pending the Final Approval Hearing, the Court hereby stays the continued pursuit or prosecution of all Released Claims by Settlement Class Members, in this Court or in any court, tribunal or proceeding, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds the issuance of this preliminary injunction as to Settlement Class Members necessary and appropriate in aid of the Court's continuing jurisdiction and authority. Such injunction shall remain in force until the Final Approval Hearing or until such time as the Parties notify the Court that the Settlement has been terminated.

34.     The following are the deadlines by which certain events must occur:

9

| | |
|---|---|
| **Settlement Notice Date** | **30 days after the Preliminary Approval Order** |
| **Last day for Plaintiffs and Class Counsel to file motion for attorneys' fees, expenses, and service awards** | **30 days after Settlement Notice Date** |
| **Last day for Settlement Class Members to file Claim Forms, to Opt-Out, or to Object.** | **75 days after Settlement Notice Date** |
| **Deadline for Plaintiffs to file Motion and Memorandum in Support of Final Approval, including responses to any Objections.** | **30 days before the Final Approval Hearing** |
| **Final Approval Hearing** | **_____, 202_____ (four months after Settlement Notice Date)** |

10

SO ORDERED.

EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christine Head, *on behalf of herself and others similarly situated*, | ) ) ) | No.: 3:18-cv-08189-ROS |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| Citibank, N.A., | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
FINAL JUDGMENT, AND ORDER OF DISMISSAL**

1.      The Court having held a Final Approval Hearing on [_____, 202_], notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan, and (3) Setting Final Approval Hearing ("Preliminary Approval Order"), and on the motion ("Motion") for final approval of the *Class Action Settlement Agreement*, dated July __, 2024 and entered into by the Parties (the "Settlement," Dkt. __), as well as Class Counsel's motion for an award of attorneys' fees and expenses and for Plaintiffs' service awards.  Due and adequate notice having been given to the Settlement Class Members of the Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

2.      The Settlement Agreement dated July __, 2024, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

3.    This Court subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3) and has personal jurisdiction over the Parties and the Settlement Class Members, including all members of the following Settlement Class:

All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024.

4.    The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this Action.

5.    The Court finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order. The Court finds that such Notice Plan, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and prescribed manner for requesting exclusion from the Settlement Class, objecting to the Settlement, and submitting a Claim Form; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

6.    The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in

conformance with the terms of the Settlement and this Court's Preliminary Approval Order. All persons who submitted timely and valid requests for exclusion shall not be deemed Settlement Class Members and are not bound by this Final Approval Order. A list of those persons who submitted timely and valid requests for exclusion is attached hereto. All other persons who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class and shall be bound by this Final Approval Order and the Settlement.

7.     The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

8.     The Court hereby finds and concludes that the Settlement Class meets the requirements of numerosity, commonality, typicality, and adequacy as set forth in Rule 23(a) of the Federal Rules of Civil Procedure.  The Court further finds and concludes that the Settlement Class meets the requirements of predominance, superiority, and manageability as set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure.

9.     The Court reaffirms its appointment of Plaintiffs Christine Head and Robert Newton as Class Representatives to represent the Settlement Class and reaffirms its appointment of Class Counsel—Meyer Wilson Co., LPA and Greenwald Davidson Radbil PLLC—to represent the Settlement Class.

10.     The Court finds that the Settlement warrants final approval pursuant to Rule 23(e)(2) because the Court finds the Settlement to be fair, reasonable, and adequate and in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that Plaintiffs and Class Counsel have adequately represented the Settlement Class and will continue to do so through Settlement implementation. Second, the Settlement was reached as a result of arms' length, good faith negotiations among counsel for the Parties, assisted by an experienced mediator, the Honorable Steven Gold (Ret.) of JAMS, and comes after six (6) years of litigation and a detailed and informed investigation and analysis by counsel for the Parties. Third, the Court finds that the relief

proposed to be provided for the Settlement Class—(a) a non-reversionary settlement fund of $29.5 million—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class Members. <u>Fourth</u>, the Court finds that the Settlement treats all Settlement Class Members equitably relative to each other. Under the terms of the Settlement, all Settlement Class Members who submitted a timely and valid Claim Form will be sent a *pro rata* distribution of the $29.5 million settlement proceeds plus any accumulated interest after reduction of the Settlement Costs (*i.e.*, (i) settlement and administration costs; (ii) Class Counsel attorneys' fees and expenses awarded by the Court; (iii) any Court-approved service awards paid to the Class Representatives; and (iv) any taxes incurred by the Settlement Fund).

11.    The motion is hereby GRANTED, and the Settlement and its terms are hereby APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class. The Parties and Claims Administrator are directed to consummate and implement the Settlement in accordance with its terms.

12.    This Court hereby dismisses the Action, with prejudice and without leave to amend and without costs to any Party, other than as specified in the Settlement, in this Final Approval Order, and in any order(s) by this Court regarding Class Counsel's motion for attorneys' fees, expenses, and service awards.

13.    In consideration of the benefits provided under the Settlement, Plaintiffs and each Settlement Class Member who has not submitted a timely and valid exclusion request shall, by operation of this Final Approval Order, have forever released all Released Claims against all Released Parties in accordance with Section 14.1 of the Settlement. The terms of the Settlement, which are incorporated by reference into this Final Approval Order, shall have res judicata and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on

principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

14.    Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims.  Plaintiffs and the Settlement Class Members further agree that they will not institute or continue to maintain any action or cause of action, suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Approval Order and judgment shall preclude an action to enforce the terms of the Settlement.

15.    This Final Approval Order is the Final Judgment in the Action as to all Released Claims.

16.    Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement; (b) Class Counsel's motion for attorneys' fees, expenses, and service awards; (c) distribution of the Settlement Fund, Class Counsel attorneys' fees and expenses, and Plaintiffs' service awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

17.    In the event that the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as

expressly provided to the contrary in the Settlement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Citibank.

18.    The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Citibank, or of the truth of any of the claims asserted by Plaintiffs in the Action.  Further, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Citibank that the Action is properly brought on a class or representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or related to the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Citibank or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Citibank in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.  Further, evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

19.    In the event that any provision of the Settlement or this Order is asserted by Citibank as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s),

Citibank may seek an immediate stay of that suit, action or other proceeding, which the Settlement Class Member shall not oppose, until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, Settlement Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. The Court awards Class Counsel attorneys' fees and expenses in the amount of $_____, awards Plaintiff Christine Head $15,000 as a service award, and awards Plaintiff Robert Newton $10,000 as a service award, with such attorneys' fees, expenses, and service awards to be paid from the Settlement Fund pursuant to the terms of the Settlement.

21. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and it shall serve as Final Judgment pursuant to Rule 54(b) forthwith.

IT IS SO ORDERED.

1