IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Head, et al., | No. CV-18-08189-PCT-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Citigroup Incorporated, et al., | |
| Defendants. | |

1.  The Court having held a Final Approval Hearing on January 14, 2025, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan, and (3) Setting Final Approval Hearing ("Preliminary Approval Order"), and on the motion ("Motion") for final approval of the *Class Action Settlement Agreement*, fully executed July 30, 2024 and entered into by the Parties (the "Settlement," Doc. 214-1 at 11-69), as well as Class Counsel's motion for an award of attorneys' fees and expenses and for Plaintiffs' service awards.  Due and adequate notice having been given to the Settlement Class Members of the Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

2.  The Settlement Agreement fully executed July 30, 2024, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained

therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3) and has personal jurisdiction over the Parties and the Settlement Class Members, including all members of the following Settlement Class:

> All persons and entities throughout the United States (1) to whom Citibank, N.A. placed a call in connection with a past-due credit card account, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Citibank, N.A. customer or authorized user, (3) via its Aspect dialer and with an artificial or prerecorded voice, (4) from August 15, 2014 through July 31, 2024.

4. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this Action.

5. The Court finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order. The Court finds that such Notice Plan, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all potential Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and prescribed manner for requesting exclusion from the Settlement Class, objecting to the Settlement, and submitting a Claim Form; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

6. The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude

themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement and this Court's Preliminary Approval Order. Three people submitted timely and valid requests for exclusion and shall not be deemed Settlement Class Members and are not bound by this Final Approval Order. Those persons are Tamyka Brown, Zalmy Levy, and Kamille N. Campbell. All other persons who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class and shall be bound by this Final Approval Order and the Settlement.

7. The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

8. The Court hereby finds and concludes that the Settlement Class meets the requirements of numerosity, commonality, typicality, and adequacy as set forth in Rule 23(a) of the Federal Rules of Civil Procedure for settlement purposes only. The Court further finds and concludes that the Settlement Class meets the requirements of predominance, superiority, and manageability as set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only.

9. The Court reaffirms its appointment of Plaintiffs Christine Head and Robert Newton as Class Representatives to represent the Settlement Class and reaffirms its appointment of Class Counsel—Meyer Wilson Co., LPA and Greenwald Davidson Radbil PLLC—to represent the Settlement Class.

10. The Court finds that the Settlement warrants final approval pursuant to Rule 23(e)(2) because the Court finds the Settlement to be fair, reasonable, and adequate and in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that Plaintiffs and Class Counsel have adequately represented the Settlement Class and will continue to do so through Settlement implementation. Second, the Settlement was reached as a result of arms' length, good faith negotiations among counsel for the Parties, assisted by an experienced mediator, the Honorable Steven Gold

(Ret.) of JAMS, and comes after six (6) years of litigation and a detailed and informed investigation and analysis by counsel for the Parties.  <u>Third</u>, the Court finds that the relief proposed to be provided for the Settlement Class—(a) a non-reversionary settlement fund of $29.5 million prior to the accumulation of interest—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class Members.  <u>Fourth</u>, the Court finds that the Settlement treats all Settlement Class Members equitably relative to each other.  Under the terms of the Settlement, all Settlement Class Members who submitted a timely and valid Claim Form will be sent a *pro rata* distribution of the $29.5 million settlement proceeds plus any accumulated interest after reduction of the Settlement Costs (*i.e.*, (i) settlement and administration costs; (ii) Class Counsel attorneys' fees and expenses awarded by the Court; (iii) any Court-approved service awards paid to the Class Representatives; and (iv) any taxes incurred by the Settlement Fund).

11. The motion is hereby **GRANTED**, and the Settlement and its terms are hereby **APPROVED** as fair, reasonable, and adequate and in the best interest of the Settlement Class.  The Parties and Claims Administrator are directed to consummate and implement the Settlement in accordance with its terms.

12. This Court hereby dismisses the Action, with prejudice and without leave to amend and without costs to any Party, other than as specified in the Settlement, in this Final Approval Order, and in any order(s) by this Court regarding Class Counsel's motion for attorneys' fees, expenses, and service awards.

13. In consideration of the benefits provided under the Settlement, Plaintiffs and each Settlement Class Member who has not submitted a timely and valid exclusion request shall, by operation of this Final Approval Order, have forever released all Released Claims against all Released Parties in accordance with Section 14.1 of the Settlement.  The terms of the Settlement, which are incorporated by reference into this Final Approval Order, shall have res judicata and other preclusive effects as to the Released Claims as against

the Released Parties. The Released Parties may file the Settlement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

14. Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims. Plaintiffs and the Settlement Class Members further agree that they will not institute or continue to maintain any action or cause of action, suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Approval Order and judgment shall preclude an action to enforce the terms of the Settlement.

15. This Final Approval Order is the Final Judgment in the Action as to all Released Claims.

16. Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement; (b) Class Counsel's motion for attorneys' fees, expenses, and service awards; (c) distribution of the Settlement Fund, Class Counsel attorneys' fees and expenses, and Plaintiffs' service awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

17. In the event that the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Citibank.

18. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Citibank, or of the truth of any of the claims asserted by Plaintiffs in the Action. Further, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Citibank that the Action is properly brought on a class or representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or related to the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Citibank or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Citibank in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Further, evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

19. In the event that any provision of the Settlement or this Order is asserted by Citibank as a defense in whole or in part (including, without limitation, as a basis for a

- 6 -

stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), Citibank may seek an immediate stay of that suit, action or other proceeding, which the Settlement Class Member shall not oppose, until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, Settlement Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. Plaintiffs' unopposed Motion for Attorney Fees, Litigation Costs, and Service Awards (Doc. 219) is **GRANTED**. The Court awards Class Counsel attorneys' fees equal to one-third of the Settlement Fund ($9,833,333.33) and expenses in the amount of $59,463.13, awards Plaintiff Christine Head $15,000 as a service award, and awards Plaintiff Robert Newton $10,000 as a service award, with such attorneys' fees, expenses, and service awards to be paid from the Settlement Fund pursuant to the terms of the Settlement.

21. The parties' Consent Motion for Final Approval of Class Action Settlement (Doc. 220) is **GRANTED**.

…

…

…

…

…

…

…

22. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and it shall serve as Final Judgment pursuant to Rule 54(b) forthwith. The Clerk of Court shall additionally terminate this case.

**IT IS SO ORDERED**.

Dated this 14th day of January, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge